[No. 4241.]

## P. L. WEAVER ET AL. *v.* MATILDA FAIRCHILD.

PRE-EMPTORS ON RAILROAD LANDS.—If the line of the Pacific Railroad was definitely fixed before a pre-emptor, living on an odd section granted to said road, which had been surveyed, had filed his declaratory statement, then, although he afterwards files such statement and receives a patent, the railroad company has the better title.

COMMISSIONER OF GENERAL LAND OFFICE.—The Commissioner of the General Land Office being authorized to perform executive duties relative to the public lands, under the direction of the Secretary of the Interior, when it appears that he has withdrawn railroad land from pre-emption, it will be presumed that it was withdrawn by the direction of the Secretary of the Interior.

RAILROAD LANDS.—When railroad lands, granted to the Pacific Railroads, are withdrawn from pre-emption and sale by the direction of the Secretary of the Interior, it will be presumed that the railroad company had filed a map designating the general route of the road.

PRESUMPTIONS AS TO OFFICIAL ACTS.—The presumptions are that the act of an officer, with the general scope of his powers and duties, was correctly performed.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

Ejectment to recover the southwest quarter of section twenty-nine, township two south, range five east, Mount Diablo meridian. The land was within the limits of the grant to the Central Pacific Railroad Company of California. The plaintiffs claimed under the Western Pacific Railroad

Company. The latter company was the successor in interest of the Central Pacific, of the lands granted to the latter company between the Bay of San Francisco and Sacramento. The plaintiffs introduced in evidence a patent from the United States to the Western Pacific Company, dated May 31, 1870, embracing the demanded premises, and then deraigned title from the latter company. Defendant introduced evidence tending to show that her husband, Abel Fairchild, entered on the land as a pre-emptor, in 1863, and died in 1865, and that she was his heir, and continued to live on the land after his death. She then proved that she filed her declaratory statement on the 4th day of October, 1870, and that the United States issued a patent to the "heirs of Abel Fairchild" on the 16th day of April, 1872. The land was surveyed and the plat filed in the local land office on the 5th day of June, 1863.

In rebuttal, it was admitted that the right of the Western Pacific Railroad Company, plaintiffs' grantor, if any it ever had, attached on the 30th day of January, 1865, by virtue of a letter of the Commissioner of the General Land Office, filed in the United States Land Office, at San Francisco, on that day, withdrawing the land from sale, preemption and settlement, which was granted by the act of Congress, approved July 1, 1862, entitled "An Act to aid in the construction of railroad and telegraph lines from the Missouri River to the Pacific Ocean, and to secure to the Government the use thereof for postal, military and other purposes," and the acts amendatory thereof and supplementary thereto.

The court rendered judgment for the defendant, and the plaintiffs appealed from the judgment and from an order denying a new trial. The appeal from the judgment was taken more than one year after it was rendered.

The third section of the act of Congress of July 1, 1862, grants to the company the alternate sections designated by odd numbers within ten miles on each side of the road; and by the act of July 2, 1864 (2 Lester's Land Laws, 122), this grant was extended to the odd numbered sections within twenty miles on each side of the road.

*Tully R. Wise,* for the Appellant.

*D. S. Terry,* for the Respondent.

A valid pre-emption claim to the land in suit had attached, by reason of the settlement, improvement and residence of Abel Fairchild, before the withdrawal of any land under the provisions of the seventh section of the act of Congress of July 1, 1862.

The act of July 1, 1862, excepts from the grant to the railroad company lands to which a pre-emption claim had attached before the line of the road was definitely fixed. (See 2 Lester's Land Laws, Sec. 3.)

By the COURT:

The case turns on the question, was it proved that the line of the railroad was definitely fixed before the declaratory statement of the defendant, as pre-emptor, was offered for filing?

The seventh section of the act of July 1, 1862 (amended in the act of July 2, 1864, by extending the time one year), provides: "That within two years after the passage of this act said company shall designate the general route of said road, as near as may be, and shall file a map of the same in the Department of the Interior, *whereupon* the Secretary of the Interior shall cause the lands within twenty-five miles of said designated route or routes to be withdrawn from pre-emption, private entry and sale."

The Commissioner of the General Land Office is authorized to perform executive duties pertaining to the survey, sale, etc., of the public lands, "under the direction of the Secretary of the Interior." (*Hestres* v. *Brennan,* ante, p. 211.)

It was admitted, in effect, at the trial, that the Commissioner of the General Land Office, by letter of the 31st of July, 1865, addressed to the local land officers, withdrew the land from sale, pre-emption and settlement. The act being within the scope of the Commissioner's powers as a subordinate officer, it will be assumed that the withdrawal was made by direction of the Secretary of the Interior, and

the withdrawal is itself a recognition of the fact that the map was filed in the office of the Secretary. We must presume that the proper evidence was before him on which to base his official action.

Appeal from judgment dismissed, and order reversed.

[See *Broder* v. *Natoma Water and Mining Company,* p. 621.—REP.]