[Sac. No. 675.    Department Two.—July 24, 1900.]

## O. B. POWERS, Appellant, v. A. F. HITCHCOCK, Respondent.

Action Involving Title to Office — Justice of the Peace — Party Nomination—Legality of Election—Insufficient Complaint.—A complaint setting forth that at a former election plaintiff was elected justice of the peace of a specified township, and had qualified and acted as such continuously until the commencement of the action, and that at the last election defendant's name was placed upon the ballot as having been nominated by a Republican convention, when he had not been so nominated, and that his election was illegal, but that he had received the certificate of election, and would exercise the functions of the office unless restrained, and praying for an injunction to restrain from so doing, does not state a cause of action.

Id.—Quo Warranto—Intrusion into Public Office not Shown.—The complaint showing that the plaintiff is in the exercise of the office, and not alleging or suggesting that the defendant has usurped or intruded into the office, does not state a cause of action in *quo warranto.*

Id.—Contest of Election—Statutory Ground not Shown —The complaint showing that defendant wrongfully procured his nomination, or had his name illegally placed upon the tickets, does not show a statutory ground for contesting the election.

Id.—Nomination by Electors not Negatived—Presumption—Performance of Official Duty.—The complaint not expressly negativing the nomination of the defendant by petition or certificate containing the signatures of a sufficient number of electors, and expressly showing that the clerk received the name of the defendant upon the ballots, and that a certificate of election had been issued to him, it must be presumed that official duty was regularly performed, and that the defendant was nominated and elected, and duly received the certificate of election.

APPEAL from a judgment of the Superior Court of Solano County.    A. J. Buckles, Judge.

The facts are stated in the opinion.

E. M. Billings, for Appellant.

Coghlan & Harvey, for Respondent.

COOPER, C.—A demurrer was sustained to plaintiff's amended complaint and judgment entered for defendant. This

appeal is from the judgment and for the purpose of reviewing the order sustaining the demurrer. The complaint alleges in substance as follows: That plaintiff was at the general election held in 1894 duly elected to the office of justice of the peace in the township of Suisun, county of Solano, and qualified, and has continued to, and was at the time of the commencement of this action, December 17, 1898, exercising the functions of such justice of the peace. That at a primary election held in said Suisun township, and at a Republican county convention held at the city of Vacaville, prior to the general election in November, 1898, the defendant claimed to have received the Republican nomination of Suisun township for the said office. That no secretary and chairman of any such convention ever certified any such nomination to the county clerk of said county, and that no delegates representing Suisun township ever organized or assembled together as a convention for the purpose of nominating any justice of the peace for said township, and that such Republican convention did not nominate defendant for such office. That the county clerk placed the defendant's name upon the tickets used at the general election held on the eighth day of November, 1898, but that by reason of the fact that defendant had not been properly nominated there was no legal election, and that plaintiff is entitled to hold over as justice of the peace by reason thereof. That there has been issued to defendant a certificate of election, and he will, unless restrained, attempt to exercise the duties and functions of the said office.

The prayer is for an injunction restraining the defendant from attempting to exercise the office of justice of the peace, and that it be decreed that plaintiff was legally elected to the said office. We think the demurrer was properly sustained. Counsel for appellant says in his brief: "The important and only question in this case is this: Can a man, by an unlawful process, obtain a nomination and retain the fruits accruing as the direct result of this wrongful act?"

There are two separate and distinct methods provided in the Code of Civil Procedure to test the title to an office. The first is by proceedings in the nature of *quo warranto* against any person who usurps or intrudes into a public office. (Code Civ.

Proc., secs. 802-10.) Here there is no allegation or suggestion that the defendant has usurped or intruded into any office, but, on the contrary, it is alleged that the plaintiff is still holding and exercising the office. Hence it cannot be claimed that this is a proceeding under the provisions of the above sections. The second is by contesting the election as provided in the Code of Civil Procedure, sections 1111 to 1127.

The latter method provides that any elector of a county or political subdivision thereof may contest the right of any person declared elected to an office to be exercised therein for any of the following causes: 1. For malconduct on the part of the board or judges or any member thereof; 2. When the person whose right to the office is contested was not at the time of the election eligible to such office; 3. When the person whose right is contested has given to any elector or inspector, judge, or clerk any bribe or reward, or has offered any such bribe or reward for the purpose of procuring his election, or has committed any other offense against the elective franchise defined in title IV, part I, of the Penal Code; 4. On account of illegal votes.

The complaint does not attempt to allege as grounds of contest any of the matters set forth in either of the said subdivisions. The right to contest an election is purely statutory, and must be determined in accordance with the terms of the statute. (*Austin v. Dick*, 100 Cal. 201; *Carlson v. Burt*, 111 Cal. 129.) The fact that defendant wrongfully procured his nomination or had his name illegally placed upon the tickets, not being within the provisions of section 1111 of the Code of Civil Procedure, is not ground for contest. (*Meredith v. Christy*, 64 Cal. 95.) The statute having provided a mode for contesting an election, that mode must be followed. (McCrary on Elections, secs. 436, 437; *Dickey v. Reed*, 78 Ill. 263.) Even if we should hold that this action in its present form can be maintained, and that if defendant's name was wrongfully placed upon the tickets it would be cause for declaring his election illegal, still the complaint would fail to state a cause of action. It states that the county clerk placed the name of defendant upon the ticket used at the election, and that a certificate of

election has been issued to him. We must presume that official duty was regularly performed. (Code Civ. Proc., sec. 1963, subd. 15; *Weaver v. Fairchild,* 50 Cal. 360.)

While the complaint attempts to show that defendant was not nominated for the office, it nowhere alleges or shows that he was not nominated by a petition or certificate containing the signatures of three per cent of the vote cast at the last preceding election in the township. (Pol. Code, sec. 1188.)

In the absence of an averment to the contrary, we must presume that the defendant was nominated and that he was elected, and the certificate of election duly issued to him.

The judgment should be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.      McFarland, J., Temple, J., Henshaw, J.