[Civ. No. 1636.—Second Appellate District.—November 24, 1914.]

DAVID WAITE, Respondent, v. EDWARD BRENDLIN, Appellant.

ELECTION LAW—RECALL OF CITY TRUSTEE—CONTEST OF ELECTION—CODE INAPPLICABLE TO.—In section 1112 of the Code of Civil Procedure, it is provided that the misconduct of the election officers specified in section 1111, sufficient to avoid an election, must be "such as to procure the person whose right to the office is contested to be declared elected, when he had not received the highest number of legal votes."

ID.—RECALL OF CITY TRUSTEE—CONTEST OF ELECTION—MISCONDUCT OF BOARD—REFUSAL TO COUNT LEGAL VOTES AGAINST RECALL—RECEPTION OF ILLEGAL VOTES—WHEN NOT GROUND FOR CONTEST.—Upon a contest of a recall election for the office of trustee of a city, where it is conceded that the candidate opposed to the incumbent, being the only candidate to succeed the incumbent in case of his recall, received all the votes cast, and no attack is made upon the legality of the votes so cast for him, the fact that the board of canvassers refused to count legal votes against the recall, while misconduct was not a ground for contest, nor did the reception of illegal votes in such a case, under section 1114 of the Code of Civil Procedure, constitute a ground for contest, unless the result would have been different and another candidate elected.

ID.—ELECTION CONTEST—PROVISIONS FOR STATUTORY.—The right to contest an election is purely statutory, and must be determined in accordance with the terms of the statute.

ID.—RECALL PROCEEDINGS—PROCEEDINGS FOR CONTEST NOT APPLICABLE TO.—The provisions for removal of an official by recall proceedings are the subject of quite recent legislation, while the provisions for contesting an election were enacted in 1872 and have continued without material change down to the present date; and it was clearly not the intention of the legislature that the latter provisions should apply to a recall election.

ID.—RECALL ELECTION—RIGHT OF CONTEST NOT GIVEN BY IMPLICATION. The contention that, conceding there is no statutory provision giving

the right of contest in a recall election, such right nevertheless exists by implication by reason of the fact that the constitution provides for an election and makes no provision for contesting the same, cannot be maintained, as such proceedings are purely statutory for the summary determination of the right to an office, limited and restricted to cases only mentioned therein and upon the grounds specified therein.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Carlton W. Greene, for Appellant.

Alex Webster, and Paul M. Gregg, for Respondent.

SHAW, J.—Election contest. David Waite, contestant, was a duly elected and qualified member of the board of trustees of the city of El Paso de Robles, when a proceeding was instituted for his recall and removal as such member of said board. At said election the contestee, Edward Brendlin, was the only candidate for election to said office in the event of a vacancy therein occurring by reason of a majority of the votes cast by the electors favoring the recall of Waite. The result of the election, as declared by the board of canvassers, was that upon the question, "Shall David Waite be recalled from the office of member of the board of trustees?" 345 votes were cast "yes" thereon, and 344 votes cast "no" thereon, and that Edward Brendlin received as a candidate for said office to succeed David Waite 304 votes; whereupon it was declared that Waite had been recalled and Brendlin elected to fill the office for the unexpired term. Thereupon Waite instituted this contest, and the proceedings had thereon were in accordance with the provisions of title II, part II, of the Code of Civil Procedure relating to the contesting of certain elections.

Section 1111 of said title provides: "Any elector . . . of a . . . city . . . may contest the right of any person declared elected to an office to be exercised therein,, for any of the following causes: 1. For malconduct on the part of the board of judges, or any member thereof. . . . 4. On account of illegal votes." The grounds of the contest, as alleged in the statement, are the first and fourth as above stated, namely:

that the judges of election refused to count certain legal ballots voted against the recall of Waite, contestant herein, and did count and make return of certain illegal ballots voted in favor of his recall; it being further alleged that had said illegal ballots counted in favor of the recall been rejected and said uncounted legal ballots against the recall counted, the result of the election would have been against the recall of contestant. The court upon trial found the number of votes cast "yes" on said proposition for the recall of Waite to have been 338, and those cast against said proposition to have been 341, and that the majority of the votes cast upon the proposition were against the recall. Judgment for contestant followed, from which the contestee appeals upon the judgment-roll.

Both by demurrer, which was overruled, and an answer the allegations of which were found to be untrue, the contestee alleged the insufficiency of the statement to constitute a cause of contest, want of legal capacity in contestant to maintain the contest, and further alleged that the court had no jurisdiction of the subject of the proceedings, which was the removal of Waite from office and not the election of Brendlin to fill the vacancy. The question presented, therefore, is whether or not the provisions of said title relating to the contest of certain elections can be invoked by one removed from office by means of the recall provisions of the statute. If malconduct, without any limitation or qualification on the part of the board of judges, or the reception of illegal votes in favor of the recall, were grounds of contest, it might well be said that the provisions of title II, part III of the Code of Civil Procedure, were applicable to a case of this kind. But the effect of these two specified grounds for recall is limited by other sections of the code. Thus, in section 1112 of the Code of Civil Procedure, it is provided that the misconduct of the election officers specified in section 1111 must be "such as to procure the person whose right to the office is contested to be declared elected, when he had not received the highest number of legal votes." It thus appears that this ground of removal can only be invoked in a case where the contestee, or party declared elected, did not receive the highest number of legal votes. It is conceded that Brendlin, being the only candidate to succeed Waite in case of his recall, received all the votes cast, and no attack is made upon the legality of the

votes so cast for him. Hence, having received the highest number of legal votes, no right of contest upon such ground is accorded to Waite. The fact that the board refused to count legal votes against the recall, while misconduct, is not made a ground for contest, since it is conceded that Brendlin did receive the highest number of legal votes for the office. And so with the reception of illegal votes, which, under section 1114 of the Code of Civil Procedure, constitutes no ground for contest unless the result would have been different and another candidate elected. It is not alleged that any illegal votes were cast for Brendlin; the alleged illegal votes were cast in favor of the recall of Waite. But, under the limitation provided in said section 1114, this is not made a ground for contest, since the illegal votes must have been counted in favor of the one declared elected and who would not have been so declared except for the counting in his favor of such votes. Other sections prescribing the judgment which the court may render clearly show that the provisions of the act are not applicable to a contest by one recalled from an office. As stated, the subject of the proceeding set forth in the statement is not misconduct affecting the election of Brendlin, or the counting of illegal votes in his favor, but the allegations relate solely and alone to the action of said board in so far as it brought about the recall of contestant. The provisions for removal of an official by recall proceedings are the subject of quite recent legislation, while the provisions for contesting an election were enacted in 1872 and have continued without material change down to the present date. Clearly it was not the intention of the legislature that said provisions should apply to a recall election. And it is equally clear, when the language of said title is construed in accordance with the plain import of the language used, that said provisions have no application to such case. "The right to contest an election is purely statutory, and must be determined in accordance with the terms of the statute." (*Powers* v. *Hitchcock,* 129 Cal. 325, [61 Pac. 1076]; *Austin* v. *Dick,* 100 Cal. 201, [34 Pac. 655].) Conceding that illegal votes were cast and counted in favor of contestant's recall, and that he has suffered in being wrongfully ousted from office by another, his remedy is not a proceeding by contest pursuant to the provisions of title II, part III of the Code of Civil Procedure.

Respondent insists that, conceding there be no statutory provision giving the right of contest in a recall election, such right nevertheless exists by implication. This by reason of the fact that the constitution provides for an election and makes no provision for contesting the same. In answer to this we may repeat that this proceeding is pursuant to the provisions of title II, part III of the Code of Civil Procedure, which is a statutory proceeding for the summary determination of the right to an office, limited and restricted to cases only mentioned therein and upon the grounds specified therein. Since this case does not fall within those provisions, it cannot be said that contestant has any right by implication to invoke the same.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.