[No. 18184.   Department Two.—October, 30, 1893.]

J. T. AUSTIN, APPELLANT, v. MORRIS DICK, RESPONDENT.

ELECTION CONTEST—DEFENDANT NOT "DECLARED ELECTED"—JURISDICTION.—An election contest is a statutory proceeding to obtain a re-canvass of the votes cast at an election as the result of which some person has been "declared elected," and where the court finds that no one was declared elected the court has no jurisdiction of the contest, and cannot declare the contestant elected.

ID.—NEW ELECTION—REMEDY OF CANDIDATE.—Where an election has been declared to have resulted in the election of no one, a new election must be called; though perhaps a candidate may question the correctness of the canvass in some other proceeding than a contest of the election.

ID.—LEGALITY OF NEW ELECTION.—In an election contest the inquiry is limited to the examination of the right of the person "declared elected" at the election the canvass of which is questioned; and the legality of another special election called after the result of a canvass declaring that no one was elected is not a question which can be tried in a contest of the first election.

APPEAL from a judgment of the Superior Court of Modoc County.

The facts are stated in the opinion.

D. W. Jenks, and G. F. Harris, for Appellant.

Goodwin & Stewart, Goodwin & Goodwin, J. W. Harrington, and H. L. Spargur, for Respondent.

TEMPLE, C.—This is an appeal taken to obtain a modification of a judgment in an election contest.

It appears from the complaint that at the general election, November 8, 1892, plaintiff and defendant were candidates, and the only persons voted for, for the office of supervisor of the third supervisorial district in the county of Modoc; and that at such election plaintiff received eighty-seven, and defendant eighty-five, votes; that the votes were canvassed November 14, 1892, but the board refused to declare plaintiff elected, and afterwards, on the 8th of December of the same year, declared the defendant elected.

The complaint then proceeds to set out certain alleged irregularities at the election, and, among them, that the board of judges at a certain precinct failed to count for plaintiff one vote which had been cast for him, and that the alleged misconduct and irregularity "procured said Morris Dick to be declared elected to said office of supervisor, when he had not received the highest number of legal votes therefor."

The answer denies that said defendant Morris Dick was, or has ever been, declared elected at said election, but avers that the board of canvassers declared the result of the canvass of said election as follows: " It further appearing from the canvass of said returns that no person has received the highest number of votes for the office of supervisor of the third supervisor district, but that it does appear that of the persons receiving the highest number of votes J. T. Austin and Morris Dick each received the same number, and that no person has received a higher number of votes cast for that office, it is ordered that a special election be held in said supervisor district number three on the first day of December, 1892, for the purpose of electing one supervisor for said district, and that an election proclamation be issued and published calling such special election." The court found this allegation in the answer to be true, and yet proceeded to find that at such election one vote was wrongly counted for Dick, which, if deducted from the votes counted for him, "will reduce the number of his

legal votes below the number of legal votes given to said contestant, J. T. Austin."

The court, however, refused by its judgment to declare contestant elected, and this appeal is taken to obtain a modification and correction of the judgment in that respect.

But the finding that no one was declared elected is upon a matter of jurisdiction. The proceeding is entirely statutory, and is to obtain a re-canvass of the votes cast at an election in which some person was declared elected, and the contest is simply over the right of the person "declared elected." (Code Civ. Proc., sec. 1111.)

It is not, and cannot be made, a proceeding to determine the right of claimants to an office where one claims a right not depending upon that election, and the statute has not authorized the re-canvass of the votes in the case, where the election has been declared to have resulted in the election of no one. In such case a new election must be called, although it may be that a candidate may question the correctness of the canvass in a different proceeding.

Dick was elected at the special election called after it was determined that there had been no election at the general election. No fault is found with that election in the complaint. It is in fact wholly ignored. Perhaps it may be now claimed that the special election was illegal because there was then no vacancy. But this is a question which cannot be tried in this proceeding. There is hardly a section in the title in regard to this contest which does not show that the inquiry is limited to an examination of the right of the person declared elected at the election, the canvass of which is questioned.

The finding, therefore, that no one had been declared elected was a finding to the effect that the court had no jurisdiction of the matter. This present appeal does not affect the rights of said Morris Dick, who it seems has also taken an appeal.

The relief demanded should be denied.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the relief demanded is denied, and the judgment affirmed.
McFARLAND, J., DE HAVEN, J., FITZGERALD, J.