[Sac. No. 1178. In Bank.—March 14, 1904.]

## GILLIS DOTY, Respondent, v. THOMAS JENKINS, Appellant.

ELECTION CONTEST—AMENDMENT OF STATEMENT—RESIDENCE OF CONTESTANT.—Upon a contest for the office of supervisor, where the original statement alleged that the contestant "is now, and for more than two years last past has been, a resident and elector" of the county and state, but omitted the supervisorial district, it was proper to allow the contestant, within forty days after the return day of the election, to amend the statement by the proper addition of such district. Such amendment is to be deemed a statement of facts as of the date of the commencement of the contest; and if it be deemed the filing of a new statement as of the date of the amendment, the court would have jurisdiction, and in the absence of objection to the proceeding the defendant is presumed to have appeared thereto, and there is no ground of reversal.

ID.—ADMISSION OF PLEADINGS.—Where the defendant took no issue upon the averment that the contestant was a resident and elector of the supervisorial district, it stands as an admitted fact, and need not be proved.

ID.—PRESUMPTION OF ADJOURNMENT OF COURT—END OF TRIAL—FINDINGS.—The trial is not ended until the filing of the findings; and where this took place on the next day after the close of the evidence, it must be presumed that the court regularly adjourned until that day.

CXLII. Cal.—32

APPEAL from a judgment of the Superior Court of Sacramento County. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Devlin & Devlin, and James B. Devine, for Appellant.

A. L. Shinn, and R. T. McKisick, for Respondent.

SHAW, J.—This was a proceeding to contest the election of the defendant to the office of member of the board of supervisors of the fifth district of Sacramento County. The plaintiff had judgment in the court below, and the defendant appeals.

The original statement of contest was filed November 29, 1902. The allegation of the original statement showing the right of the contestant to maintain the contest was contained in paragraph three of the statement, and did not state that the contestant was an elector of the supervisorial district. On the last day of the trial the plaintiff, by leave of court, over the objection of the defendant, amended paragraph three of the statement of contest so as to make it read as follows, the words inserted by the amendment being italicized: "That plaintiff is now and for more than two years last past has been a resident and elector of the county of Sacramento, state of California, *and of the fifth supervisorial district therein.*" This amendment was made on the eighteenth day of December following the election in November, 1902, and within forty days after the return day thereof. The appellant contends that the amendment must be considered as taking effect on the day it was made, and is to be construed as an allegation that at that time the plaintiff was an elector of the district, and that it cannot be construed to mean that he had been theretofore such elector. From this appellant reasons that as section 1111 of the Code of Civil Procedure gives the right to contest only to one who is an elector of the district in which the office is to be exercised, the statement is insufficient to give a right of action or to give the court jurisdiction to entertain the same. An amendment to a statement of contest is to be construed by the same rule as an amendment to a complaint. Unless from the nature of the fact alleged, or

otherwise, the contrary appears, it is to be deemed a statement of facts existing at the commencement of the action or proceeding. The amendment in question must be thus construed. It takes effect as if it had been originally incorporated in the statement. And even if this were to be considered as the filing of a statement at the date of the filing of the amendment, the court would still have jurisdiction, for it was within the forty days allowed for the initiation of a contest, and although the proceeding would be irregular it would not be void, nor would the irregularity be sufficient in this case to require a reversal. No motion was made to dismiss the proceeding for want of jurisdiction. If the point had been made the contestant could then have begun new proceedings. By allowing the time to lapse, the contestee must be deemed to have appeared to the contest as a new proceeding, if it is necessary to consider it such, and to have waived any objection to the manner in which he was brought before the court. There is nothing in the objection that the court did not grant leave to make the amendment in the form in which it appears. In allowing amendments the court does not usually take pains to state in exact terms the allegation to be allowed. It is clear that the only purpose of the amendment was to make the statement show that the plaintiff was entitled to maintain the proceeding, and that both court and counsel, in speaking of the matter, were referring to such an amendment as would be effectual for that purpose, and intended precisely such an amendment as the contestant made.

The appellant further contends that the evidence is insufficient to prove the fact that the contestant was such elector at the time and for the period mentioned. No evidence was necessary; for the defendant had an opportunity to answer the amendment, and failed to do so. It therefore stands as an admitted fact in the case. Moreover, the bill of exceptions contains this statement: "It was admitted that both plaintiff . . . and defendant were electors of the said fifth supervisorial district." This admission was made apparently on the last day of the trial, and presumably immediately after the amendment of the statement aforesaid. The admission is not specific as to the time to which it relates, but in view of the pleadings it must be construed as an admission that they were electors as alleged in their respective pleadings, and is suffi-

cient to support the finding with respect to the allegation in question even if such a finding had been necessary.

Another objection is, that the court lost jurisdiction to enter judgment because, as appears from the bill of exceptions, the trial closed on December 18th, and findings were filed and judgment entered on the day following. We do not think there is any merit in this point. A formal adjournment is not necessary as a part of the record in the case, and in the absence of any showing to the contrary it will be presumed that the court adjourned until next day. A superior court is always open, except on legal holidays, and may sit at any time. (Code Civ. Proc., secs. 73, 74.) The trial is not ended until the filing of the findings, and as this took place on the next day after the close of the evidence we will presume that the court regularly adjourned until that day.

The plaintiff and the defendant were opposing candidates for the office in question. By the election returns, as compiled by the canvassing board, the defendant appeared to have received a majority of five, and was duly declared elected by that board. Upon the trial of the contest the court found that a number of the ballots counted by election officers were illegal and refused to count them, the result of which was that upon the count as made by the court the plaintiff received a majority of forty-four votes, and judgment was given declaring him elected accordingly. The appellant objects to a great many of the ballots which were counted by the court in favor of the respondent, and also to the action of the court in refusing to count numerous ballots apparently for the appellant, but which were rejected because of illegal marks thereon. We have carefully examined the ballots, and find that of the ballots for the appellant which the court refused to count for him there were only sixteen concerning which there could be any doubt that the court correctly rejected them, and of the ballots counted for the respondent, over the objection of appellant, there are but fourteen which contain marks which have not by this court been held to be lawful. Giving the appellant the benefit of all these doubtful ballots, the result would be that thirty would be taken from the majority of forty-four found by the court, leaving the respondent still with a majority of fourteen. Under these circumstances, we do not deem it necessary to notice the

ballots in detail. The law respecting the form of the ballots and the rules by which they are to be rejected upon a contest was amended in material respects by the last legislature, and for that reason a consideration by this court of the previous law relating to these subjects would serve no useful purpose. We find no error in the record sufficient to justify a reversal.

The judgment is affirmed.

Angellotti, J., Van Dyke, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.

Rehearing denied.