[Civil No. 1723.  Filed December 23, 1919.]

[185 Pac. 942.]

# S. W. McCALL, Appellant, v. CITY OF TOMB-STONE, a Municipal Corporation, and CO-CHISE COUNTY, IN THE STATE OF ARIZONA, Appellees.

1. Elections—Contest is Statutory.—Election contests are purely statutory, being unknown to the common law.

2. Elections—Contests are Special Proceedings.—Election contests are neither actions at law nor suits in equity, being special proceedings.

3. Counties—Contests of County Seat Removal Elections—"Other Question."—The words "other question," in Civil Code of 1913, paragraph 3060, refer only to state-wide propositions, and do not permit a contest of a county seat removal election, in view of paragraphs 3061–3064.

4. Counties—County Seat Elections Incontestable.—There cannot be a contest of a county seat removal election under Civil Code of 1913, paragraphs 3065, 3066, or any other statutes, notwithstanding Laws of 1915, chapter 5, section 16, providing that every special election shall be conducted in the same manner as general elections, etc.

5. Counties—County Seat Removal Elections Incontestable.—Equity will sometimes act when invoked by proper form of action to enforce or to prevent the removal of a county seat upon a showing that the regular and necessary steps have or have not been taken, when it is made to appear that not to do so would defeat the express will of the electorate, or to be in entire disregard of that will, but it will not take jurisdiction of contests simple and pure.

6. Counties—Jurisdiction of County Seat Election Contest.—In view of Constitution, article 6, section 6, defining the power of the superior court, there is no question of the power of that court to try and determine a contest in county seat removal election cases should the legislature make provision therefor, but it has no jurisdiction, in the absence of a law creating such right of action or providing for such special proceedings.

---

5. Equity jurisdiction of election contest relating to county seat, note, Ann. Cas. 1912C, 692.

APPEAL from a judgment of the Superior Court of the County of Cochise. Samuel L. Pattee, Judge. Affirmed.

Messrs. Manatt & Stephenson, Mr. D. A. Richardson and Mr. George J. Stoneman, for Appellant.

Mr. R. N. French, County Attorney, and Mr. W. G. Gilmore, for Appellees.

ROSS, J.—This is a county seat removal case. At the general election held November 5, 1918, the voters of Cochise county voted upon the questions: "Shall the county seat be removed from Tombstone? If the county seat be removed, to what place?"—Bisbee or Douglas? At the time and place fixed by law, the board of supervisors of the county met and canvassed the election returns on said question and declared the result to be that 3,806 electors voted for removal, 3,881 against removal; 2,662 for Bisbee and 3,452 for Douglas. The board thereupon entered its order that the county seat be not removed. The appellant as a resident taxpayer of Douglas, and a qualified elector of Cochise county, instituted this suit as "plaintiff and contestant," challenging the correctness and legality of the count of the ballots and asking that they be produced by "defendants and contestees" in court for the purpose of a recount, claiming that such recount, if made, would show that the voters at said election had chosen Douglas as the county seat.

The defendants, by demurrers to complaint, raised the following questions:

(1) The jurisdiction of the court to review the determination or canvass of the board of supervisors.

(2) The lack of interest in the subject matter entitling appellant to maintain the suit.

(3) Insufficiency of facts stated to constitute a cause of action.

From a judgment sustaining demurrers and dismissing complaint, this appeal is prosecuted. The law providing for the change of county seats is found in chapter 5, page 5, Regular Session of 1915. Thereunder, it is made the duty of the board of supervisors to order an election for a change of the seat of government when thirty-three and one-third per cent of the qualified electors of the county, estimated on the vote for Governor at the last preceding election, presents a petition therefor. The form of ballot is prescribed, according to which a voter may vote for or against removal and also vote for his choice of rival candidates for the county seat. By section 10 it is provided that—

"Each elector shall indicate by a cross in the proper square whether he votes for or against the removal of the county seat, and shall also indicate his choice of the location for such county seat in the proper square opposite the name of the place."

According to the complaint, 2,500 electors voted against removal and also expressed their choice of location, either for Bisbee or Douglas, and they were so counted by the different precinct election boards and by the board of supervisors. Appellant states in his complaint that these 2,500 ballots should not have been counted.

It is apparent from this statement that the action is one to contest the election. Election contests are purely statutory. They are unknown to the common law. They are neither actions at law nor suits in equity. They are special proceedings. *Devous* v. *Gallatin County,* 244 Ill. 40, 18 Ann. Cas. 422, 91 N. E. 102.

Chapter 5, *supra,* does not provide for a contest of a county seat election. It contains the whole law

on the subject, except that in section 16 thereof it is provided that—

"Every special election shall be conducted in the same manner as general elections, and all laws of a general nature governing elections of county officers shall govern such elections as far as applicable."

It is contended that this general provision makes applicable to county seat elections the law providing for contest of elections as found in chapter 14, title 12, Civil Code, because paragraph 3060 thereof authorizes contests of elections "to a state office or . . . constitutional amendment or other question submitted to vote of the people." It is said county seat removals, under the law, are submitted to a vote of the people, and therefore they are covered by the expression "other question." These words, however, are found under the caption "State Elections," and the language of paragraphs 3060–3061 and 3064, Civil Code, all indicate that the "other question" refers to a state-wide proposition requiring the same electorate and the same canvassing board as a state office or a constitutional amendment before it would be subject to a contest thereunder. It does not cover questions upon which only the voters of a county have voted. Paragraphs 3065 and 3066 of said chapter 14, relating to the contests of county and city offices, are silent as to any proposition or question that might be submitted to a popular vote. There is nothing, therefore, within the terms or provisions of our contest statutes that would make them applicable to a county seat election, because that law is limited to state elections and elections of county and city officers.

The fact that, under the general election law, provision is made for contesting the election of state and county offices, constitutional amendments and other state-wide propositions, and the election to

county and municipal offices, will not imply a grant of jurisdiction to the courts to hear and determine contested county seat elections, simply because the act providing for county seat removals refers to the general election law for the manner of conducting such elections. *Wilson* v. *Whitley,* 159 Ky. 69, 166 S. W. 775; *Nixon* v. *Allen Parish,* 132 La. 53, 60 South. 717; *Cadle* v. *Baker,* 51 Mont. 176, 149 Pac. 960; 15 C. J. 427, § 63.

There is nothing in the proposition that the question presented is one of equitable cognizance. No question of fraud, collusion or bad faith is suggested. The election, and all steps leading up to it, are conceded to be regular and legal. Equity will sometimes act when invoked by proper form of action to enforce or to prevent the removal of a county seat, upon a showing that the legal and necessary steps have or have not been taken, when it is made to appear that not to do so would defeat the expressed will of the electorate or be in entire disregard of that will, but it will not take jurisdiction of contests simple and pure, as is this one. *Wilson* v. *Whitley, supra; Cadle* v. *Baker, supra; Poe* v. *Sheridan County,* 52 Mont. 279, 157 Pac. 185.

It is suggested that the superior court has jurisdiction in virtue of the expression "and for any such special cases and proceedings as are not otherwise provided for," contained in section 6, article 6, of the Constitution, wherein the jurisdiction of that court is defined. We think there is no question of the power of the superior court to try and determine contests in county seat removal cases, providing the legislature had made provision therefor. The trouble is that no law is in existence creating such right of action, or providing for such special proceedings.

Since the ruling of the court in sustaining the demurrer for want of jurisdiction to try county seat

removal contest must be upheld, the other questions of lack of interest or insufficiency of facts are not properly before us and will not be considered.

The judgment of the lower court is affirmed.

CUNNINGHAM, C. J., and BAKER, J., concur.