,[Civil No. 2517.	Filed July 8, 1926.]

[248 Pac. 25.]

STANLEY J. KITT, Appellant, v. H. H. HOLBERT, Appellee.

1. ELECTIONS.—Under Civil Code of 1913, paragraphs 3061, 3065, right to contest election is granted only to elector of particular political subdivision from which officer whose election is contested is chosen.

2. ELECTIONS.—Statement that contestant is citizen and resident of city and elector of state and county does not allege that contestant is elector of city, and is insufficient, under Civil Code of 1913, paragraphs 3061, 3065, to contest election of city officer.

3. ELECTIONS. — Allegation that contestant is elector of particular political subdivision from which officer whose election is contested is chosen is jurisdictional in election contest.

1.	See 10 Cal. Jur. 121.
3.	See 10 Cal. Jur. 122; 9 R. C. L. 1167.

4. ELECTIONS — AMENDMENT OF JURISDICTIONAL NATURE CANNOT BE
   MADE TO STATEMENT IN ELECTION CONTEST AFTER EXPIRATION OF
   TIME FOR FILING CONTEST (CIV. CODE, 1913, PARS. 3061, 3065).—
   Election contest under Civil Code of 1913, paragraphs 3061, 3065,
   being a special statutory proceeding, amendment of jurisdictional
   nature cannot be made to statement after expiration of time for
   filing contest.

See (1) 20 C. J., p. 223, n. 36.    (2) 20 C. J., p. 226, n. 86.    (3) 20
C. J., p. 226, n. 84.    (4) 20 C. J., p. 236, n. 66.

APPEAL from a judgment of the Superior Court of the County of Pima. Gerald Jones, Judge. Affirmed.

Mr. Edwin F. Jones, Mr. Milton M. Cohan and Messrs. Baker & Whitney, for Appellant.

Messrs. Mathews & Bilby and Mr. John L. Van Buskirk, for Appellee.

LOCKWOOD. J.—This and its companion case are election contests coming up from the superior court of Pima county. It appears that Stanley J. Kitt, appellant in cause No. 2517, was a candidate for councilman at large for the city of Tucson, against H. H. Holbert, while Willis S. Young, appellant in cause No. 2516, was a candidate for councilman from the second ward of that city against Frank J. Cordis. Holbert and Cordis were duly declared elected by the proper canvassing board, and appellants contested the election. It was agreed by counsel that the questions involved in this appeal are solely of law, and that the judgment in one case would also determine the other, so by stipulation the two actions were consolidated. We will, therefore, discuss cause No. 2517, and the principles of law we lay down in that will be applicable to, and decisive of, *Young* v. *Cordis, post,* p. 406, 248 Pac. 28.

4.  See 9 R. C. L. 1157, 1167.

Appellant filed his statement of contest on the twenty-eighth day of December, 1925; the election having occurred on the fourteenth day of that month. January 7th, and more than twenty days after the declaration of the result of the election by the proper canvassing board, Holbert, the contestee, moved to quash the statement of contest on the ground it appeared from the face thereof the court had no jurisdiction to hear or determine the subject matter of the controversy. The question was fully presented to the trial court, and, after hearing the argument, contestant asked leave to amend the statement. The court took both matters under advisement, and, on January 13th, the petition to amend was denied and the motion to quash granted, and judgment was thereupon rendered in favor of contestee.

The legal questions involved are two in number, and may be briefly stated as follows: First, does the statement of contest on its face show the court had jurisdiction to try the case? Second, if it does not, may the petition be amended to show such jurisdiction more than twenty days after the declaration of the result of the election? A determination of these two questions requires a construction of paragraphs 3061 and 3065, Revised Statutes of Arizona of 1913, Civil Code. These paragraphs, so far as material, read as follows:

"3065. Any elector of a county, city, or any political subdivision of either may contest the right of any person declared elected to an office to be exercised therein for any of the following reasons. . . . A statement shall be filed within the time and containing the matters required by law in the case of contest of state elections."

"3061. The elector contesting such election shall, within twenty days after the completion of the canvass of such election and the declaration of the result thereof by the State Canvassing Board, file in the

court in which contest is commenced, a statement in writing setting forth specifically:

"(1) The name and residence of the party contesting such election, and that he is an elector of the State and of the county in which he resides. . . . "

The statement of contest in this case contains the following allegations:

"Comes now Stanley J. Kitt, the contestant herein, and alleges:

"I.   That he is a citizen and resident of the city of Tucson, Pima county, Arizona, and that he is an elector of the state and of the county in which he resides.

"II.   That he contests the right of H. H. Holbert to the office of councilman at large of the city of Tucson, Pima county, Arizona, as a result of the city election of the city of Tucson, Pima county, Arizona, held December 14th, 1925, upon the following grounds. . . . "

It is claimed by contestee this does not allege that contestant is an elector of the city of Tucson, while contestant contends it does in substance, though not in form. We think it is apparent from the provisions of paragraphs 3061 and 3065 above quoted that the right of contest of any election is granted to any elector of the particular political subdivision from which the officer whose election is contested is chosen, and to such elector alone. It is equally obvious that the statement of contest must set forth specifically that the contestant is such elector. Nor, indeed, does appellant seriously question this. He claims, though, the allegations of the statement of contest impliedly, though not directly, do set up that fact. We cannot agree with him. It is obvious that a man might be a citizen and resident of the city of Tucson and an elector of the state of Arizona and county of Pima without being an elector of the city of Tucson. For example, a man might have resided

within Pima county for twenty years and be a registered elector thereof, and move into the city of Tucson three days before the city election, in which case he could, with a clear conscience, make the allegations set forth in paragraph I of the statement of contest, without being a qualified elector of the city, and we cannot assume, especially in the face of a statute which requires a *specific* statement that the contestant has the right of contest, that an allegation which may be entirely consistent with his having no such right necessarily implies that he has it.

That such an allegation is jurisdictional is practically admitted by contestant, and we think there is no doubt such is the law. But, it is urged, notwithstanding such is the fact, yet it was error and an abuse of discretion for the trial court to refuse him leave to amend his petition by adding such allegations. Is this last contention true? We admit that on the first examination of the issues involved we were inclined very strongly to approve the position of contestant on this point. This court has always construed our statutes in regard to amendments with great liberality, even when the amendment was offered on a new trial after an appeal. *Bryan* v. *Inspiration C. C. Co.,* 23 Ariz. 541, 205 Pac. 904. This is particularly true when the amendment in question is, as the one in this case, the setting up of a fact that apparently will not be seriously contested on the trial, but a careful examination of the cases and the reasoning therein has compelled us reluctantly to the conclusion that such amendment is not permissible.

This court has held in the case of *McCall* v. *City of Tombstone,* 21 Ariz. 161, 185 Pac. 942:

"Election contests are purely statutory. They are unknown to the common law. They are neither actions at law nor suits in equity. They are special proceedings."

*30 Ariz.—26*

The question as to whether under such special proceedings amendments in regard to jurisdictional matters should be allowed has been before the courts of several states. The latest case which we have been able to find is that of *Crownover* v. *Millar*, 45 Nev. 81, 197 Pac. 817. In that case the defect in the petition was the same as in this, to wit, that it was not expressly stated the contestant was a qualified elector of the proper political subdivision. The court in part stated as follows:

"Statutory proceedings regarding election contests such as are provided for in the foregoing sections are special and summary in their nature and generally a strict observance of the statute so far as regards the steps necessary to give jurisdiction is required, and the jurisdictional facts must appear on the face of the proceedings. 9 R. C. L. 1157. It will be observed that these sections confine the authority to institute proceedings to contest an election to those who are electors. It is nowhere alleged in the statement that the contestant is a qualified elector of Mineral county, in conformity with the requirement in said section 70; and the failure to allege this statutory essential is, under well-settled principles of law, fatal to the jurisdiction of the court. . . . "

In that case, as this, the question of whether or not the petition could be amended to allege such jurisdictional requirement was raised, and the court said:

"The time for instituting a contest in this case has expired, and, owing to the special and summary nature of the statutory procedure governing election contests, no amendment conferring jurisdiction on the court can now be allowed. Consequently judgment must be entered in favor of contestee. The allowance of an amendment of this character after the time has expired in which a contest may be instituted would be obviously against the policy of the statute. It is plainly the policy of the law that such contests should be instituted and disposed of speedily so that the

public interests may not suffer thereby, and that no considerable portion of a term of a contested office should expire before a final determination of the contest. . . . The foregoing authorities are in accord with the well-settled state of the law that a statement or other paper by which an election contest is inaugurated which fails to give the court jurisdiction cannot be amended so as to confer jurisdiction after the time prescribed by statute for instituting a contest has expired.''

The same question arose in the case of *Gillespie* v. *Dion,* 18 Mont. 183, 33 L. R. A. 703, 44 Pac. 954.

As in Nevada and in Arizona, election contests were held to be special proceedings of a summary nature, and the court stated:

''Jurisdiction not having been obtained by a statement filed within the time limited by law for instituting the contest, no amendment in this respect made after the lapse of the ten days could avail the contestant. . . . Doubtless, amendments may be made to a statement sufficiently good to enable the proceeding to be considered, provided such amendments do not essentially change the grounds of the contest, or set forth grounds where none were originally stated; but, where the amendments are so radical as to virtually initiate a contest where really no grounds at all had been specified in the original statement, we are inclined to hold they ought not to be permitted after the ten days allowed by law for commencing proceedings have expired.''

The court further discussed and differentiated the amendment allowed in *Heyfron* v. *Mahoney,* 9 Mont. 497, 18 Am. St. Rep. 757, 24 Pac. 93, cited by contestee herein. The question of jurisdictional amendments to election proceedings was also considered in the case of *Pearson* v. *Alverson,* 160 Ala. 265, 49 South. 756. Although the particular defect there was not the same as in the case at bar, and the other two

cases cited, yet the reasoning is equally applicable to this case. We quote as follows therefrom:

"Election contests are special statutory proceedings, and, according to the best authorities, which have been followed by our own court, are to be strictly construed as to those provisions for inaugurating the contest, and which are necessary to jurisdiction. A short time limit is fixed, because it is important that such matters should be determined as speedily as possible for the public good. It is accordingly held that, if the petition is defective as to any of the statutory requirements, it cannot be amended after the expiration of the time limited for commencing the contest. To construe the law otherwise would render the time limit of the statute ineffective. . . . This is a jurisdictional requirement, and cannot be supplied after the expiration of the time limit."

Contestant has cited as supporting his right of amendment a number of cases. We have examined them all carefully. The case of *Doty* v. *Jenkins,* 142 Cal. 497, 77 Pac. 1104, does indeed hold that an amendment of the nature in question was properly allowed, but states:

"Even if this were to be considered as the filing of a statement at the date of the filing of the amendment, the court would still have jurisdiction, for it was within the forty days allowed for the initiation of a contest, and although the proceeding would be irregular it would not be void, nor would the irregularity be sufficient in this case to require a reversal. No motion was made to dismiss the proceeding for want of jurisdiction. If the point had been made the contestant could then have begun new proceedings."

The specific ruling was unquestionably correct, the amendment having been made within the time allowed for filing a contest but the court, to our mind, clearly implies that, had a motion to dismiss been made, it would have been granted for the defect in question,

and the effect of the amendment was in reality the filing of a new contest within the statutory period. The logical conclusion is that, had the amendment been filed after the statutory period, the court would have disallowed it.

We have already referred to the case of *Heyfron* v. *Mahoney, supra.* In the case of *Ashley* v. *Wait,* 228 Mass. 63, 8 A. L. R. 1463, 116 N. E. 961, the court made a general statement that, if the allegations of the petition were not sufficient, they might have been corrected by amendment. It does not appear, however, whether the time for filing a contest had gone by or not, and, since the petition was held sufficient on its face, the general statement of the court is merely *obiter dicta.*

In *Election Cases,* 65 Pa. 20, it was stated in the opinion:

"The amendment was not of an omitted prerequisite necessary to confer jurisdiction, nor of matter essential to the frame of the petition, but was a mere specification of a fact comprehended within the general terms of the complaint, and belonging only to the proof."

Such language impliedly sustains the position of contestee.

There remains, then, the cases of *Nelson* v. *Sneed,* 112 Tenn. 36, 83 S. W. 786, and *Weeden* v. *Gher et al.,* 316 Ill. 534, 147 N. E. 388, but in both of these states election contests were held to be proceedings in equity rather than special proceedings, a situation very different, of course, from that in our jurisdiction.

This, we think, disposes of every case cited by contestant which can be deemed at all to bear upon the question under discussion. It therefore appears that the only states which hold election contests to be proceedings of a special nature, and which have passed specifically on the right of amending a state-

ment of contest after the time allowed for filing one had expired by adding thereto averments of a jurisdictional nature, have held positively and emphatically that such amendments cannot be allowed, and have given most logical and cogent reasons for their holdings. Much as we regret to decide any case on a question of pleading where the actual merits of the cause are not involved, we are constrained both by reason and authority to hold that a statement of contest in an election contest may not be amended, after the time prescribed by law for filing such contest has expired, by adding thereto averments of a jurisdictional nature, and that the superior court of Pima county was right in denying the petition to amend and in rendering judgment on the pleadings in favor of the contestee.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.