[Civil No. 2731. Filed November 13, 1928.]

[271 Pac. 715.]

HERMAN SCHAHRER and T. R. NOEL, Appellants, v. HARVEY BELL, Appellee.

Mr. L. C. McNabb, for Appellants.

Messrs. Clark & Clark, for Appellee.

ROSS, C. J.—This appeal involves the ruling of the court on a demurrer to a statement of an election contest and a judgment dismissing the contest for lack of jurisdictional facts.

The original statement of contest, filed on December 2, 1927, set forth that an election was held on November 15, 1927, in division No. 2 of the Verde River irrigation and power district, Maricopa county, Arizona, for the purpose of electing a director for said division No. 2, at which election E. W. Michael and Harvey Bell were opposing contestants.

The contestants confessed the demurrer of contestee to this statement by filing on December 17, 1927, before the demurrer was passed upon by the court, an amended statement. This amended statement was held insufficient on general demurrer, whereupon a second amended statement was filed on December 22d. The demurrers to this last statement were both general and special. The learned trial judge held that since there was no allegation in the original statement or the first amended statement that contestee had been ''declared elected,'' the

amendment, including such allegation in the second amended statement, came too late.

The only statutory law providing for the contest of an election is found in chapter 14, title 12, Civil Code of 1913, and under its provisions the contest must be commenced by filing a statement of contest "within twenty days after the completion of the canvass of such election and the declaration of the result thereof. . . . " Paragraphs 3061 and 3065. According to such paragraphs, as we construe them, the jurisdictional facts required to be set out in the statement of contest are: (1) An election; (2) an official declaration of the result; (3) the name and residence of the contestant, showing he is an elector of the political subdivision in which the election was held and entitled to vote thereat; (4) the name of the contestee; (5) the office contested; and (6) the particular grounds of contest. While numbers (1) and (2) are not specifically set out as necessary jurisdictional facts, it is evident they must have occurred before the election contest could be commenced. The other requisites of a good statement of contest are all predicated upon the happening of (1) and (2). If the election was held and for any reason, lawful or unlawful, the officers whose duty it was to declare the result refused or neglected to do so, no contest could be instituted. *Austin* v. *Dick*, 100 Cal. 199, 34 Pac. 655. It follows that the statement should have alleged that the contestee was officially declared elected. 20 C. J. 231, § 297. Whether what was alleged in that regard was sufficient is the question. In the original statement, which was unquestionably filed within time, it is alleged:

"That while a canvass of the ballots showed a majority for the contestee, notwithstanding said canvass, E. W. Michael received the highest number of legal votes cast. . . . "

This same allegation also appears in the first amended statement. We think this allegation should be treated as equivalent to an averment that the contestee was declared elected. *Griffin* v. *Wall*, 32 Ala. 149; 20 C. J. 231, § 297. The original statement, however, is removed from consideration since the contestants confessed the demurrer and on December 17th filed the first amended statement without requiring or getting a ruling of the court on the sufficiency of the original statement.

The statute providing for the election of directors of irrigation districts is found in chapter 149, Laws of 1921, at section 18. Subdivision (g) thereof provides that the board of directors of the district shall meet on the first Monday after the election to canvass the returns, and, if all the returns have been received, canvass them, but if all have not been received, postpone the meeting from day to day until all the returns have been received or until six postponements have been made. If after the six adjournments all the returns have not been received, the board shall declare the result to be no election.

The first Monday after the election was November 21, 1927. The record does not show whether the board canvassed the returns on that day nor the number of adjournments that might have been taken, but if six were taken the last would fall on November 28th. This date, at all events, is the last upon which a canvass of the returns could have been had and a declaration of the result made.

Just when the board actually canvassed the returns is not shown by any of the three statements. If it was on November 21st, the first amended statement, having been filed on December 17th, was then overdue six days. It is only by indulging the presumption that there were adjourned meetings of the board and that at one of such meetings, not later than

November 27th, the returns were canvassed and the result declared that will bring the filing of December 17th within the time allowed by law, and perhaps such a presumption should be indulged as against a general demurrer. In this view of the matter, the first amended statement did allege, when liberally construed, that contestee had been declared a director of the division No. 2 of said irrigation district and was filed in time. It was error to hold otherwise.

We, however, think the statement of contest, and this applies to the original and both amended statements alike, was defective in the allegation as to the competency of the contestants to contest the election. The allegation in that respect was:

"That the names of the parties who bring this election contest are Herman Schahrer and T. R. Noel and that they are and at all times in this statement mentioned were duly qualified electors of division No. 2 of the Verde river irrigation and power district. . . . "

The elector who may vote or who may hold the office of director of an irrigation district or who may contest the election of a director is defined by section 3 of chapter 149, Laws of 1921, as "persons who possess the property qualifications provided in section 1 of this act, and who have possessed such qualifications for ninety days immediately preceding the date of the election at which they seek to vote. . . . "

The statement of contest, and this applies to all of them, fails to show that the contestants possessed the qualifications designated *90 days preceding the election,* but, on the contrary, the time in which they were alleged to be qualified was limited to the date of the election and subsequently thereto. We think it was necessary to allege in the statement of contest that the contestants had been the "holders of title or evidence of title" to lands in the district (§ 1, chap. 149, Laws of 1921) for "ninety days immediately preced-

ing'' the contested election. In the absence of such averment and proof thereof, the contestants would not be ''general electors'' nor ''qualified electors for bond issues and special assessments,'' as defined by section 3 of the act, and competent to institute or prosecute this proceeding.

In *Kitt* v. *Holbert*, 30 Ariz. 397, 248 Pac. 25, we held that a statement of contest that failed to set forth facts showing that the contestant was a qualified elector of the political subdivision from which the officer whose election was contested was chosen was fatally defective, and, being jurisdictional, was incapable of amendment after the time limit permitting contest. The reason for the rule is set forth in that opinion, fortified by many citations, and we deem it unnecessary to here restate such reason.

The contestee contends that the contest law (chap. 14, tit. 12, Civ. Code 1913) is not available to persons who may want to contest an election held by an irrigation district or a division of an irrigation district, these not being ''a county, city, or any political subdivision of either.'' Par. 3065.

The question is not free from doubt, and, since its determination is not necessary to a disposition of the case, we will not undertake to answer it, but will suggest that it is one the legislature might very well clarify.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.