[Civil No. 2730. Filed December 31, 1928.]

[273 Pac. 10.]

LUKE W. HENDERSON, Appellant, v. B. F. CARTER, C. L. MADDOX and J. A. GODWIN, Appellees.

Messrs. Baker & Whitney, for Appellant.

Messrs. Sloan, Holton, McKesson & Scott, for Appellees.

ROSS, C. J.—On March 5, 1927, a primary election was held in the city of Phoenix to nominate candidates for the office of city commissioner to fill two vacancies about to occur. Standing for such nominations were the following four candidates: C. L. Maddox, Luke W. Henderson, B. F. Carter, and J. E. Godwin. According to the canvass of the primary election returns, which was made by the city commission on March 9th, the total vote cast was 3,282, of which Maddox received 1,727, Henderson 1,641, Carter 1,603, and Godwin 1,557. The city commission thereupon declared Maddox duly elected commissioner, and, none of the other candidates having received a majority of the total vote cast, the two candidates with the next highest votes, to wit, Henderson and Carter, were declared nominated to the unfilled office.

The city commission made the above declaration of the result of the primary election acting under sections 15 and 16, chapter XII of the charter of the city of Phoenix, reading as follows:

"Sec. 15. At said primary election any candidate who shall receive a majority of all the votes cast at such election shall be declared elected to the office for which he is a candidate, and no further election shall be held as to said candidate.

"Sec. 16. If at any election held as above provided, there be any office or offices to which no candidate therefor was elected, then, as to such office or offices, said election shall be considered to be a primary election for the nomination of candidates for such office or offices, and a second or general municipal election shall be held to vote for candidates to fill such office or offices. The candidates not elected at such first election, equal in number to twice the number to be elected to any given office, or less if so there be, and who received the highest number of votes for the respective offices at such first election, shall be the only candidates at said second election. . . . "

Luke W. Henderson, in due time, filed a statement of contest against Carter, in which he contends that neither he nor Carter was nominated for city commissioner, but that he received a majority of all the legal votes cast at the primary and was elected to such office and the Commission should have so declared. In support of such contention he alleges that the total legal vote cast was less than 3,282, and that more votes were cast for him than 1,641; that he received a majority of all legal votes cast for the office; that votes cast for him were counted for the contestee or the other defendants. His prayer was "that this Court do adjudge the contestant was elected Commissioner of the City of Phoenix . . . entitled to a certificate of election . . . and that the contestee, B. F. Carter, was not nominated for Commissioner. . . . "

Contestee interposed a demurrer to the statement of contest on the ground: (1) That it appears therefrom that the court is without jurisdiction of the subject matter; and (2) that the facts stated are not sufficient to entitle contestant to maintain this proceeding. He answered by way of general denial.

The demurrer was overruled, and the case was tried to the court without a jury. At the request of the contestant, the court made findings of fact, and on such findings entered judgment in favor of the contestee dismissing the statement of contest. From this judgment contestant has appealed.

The demurrer presents a question of fundamental importance, for if the court had no jurisdiction of the subject matter it should have refused to proceed to adjudicate the controversy. The contestee insists that we have no law authorizing this proceeding, and, if we find that the contention is right, it will not be necessary to go into the merits of the various assignments of error or to inquire into the regularity or legality of the declaration of the election board.

The election provided for by the charter of the city of Phoenix, sections 15 and 16, *supra,* it is seen, may eventuate in the selection by the voters of the officer, or in the selecting of nominees for the office to be voted for at a second election, as provided in the charter. Whether he becomes at such election an officer or a nominee depends upon the vote he receives. If a majority of all the votes cast are in favor of him he is elected to the office; if less than a majority he is or may be a nominee for the office. The election, therefore, while designated "primary," is both primary and general. The one held on March 5th was both. Maddox was declared elected, he having received a clear majority of all votes cast. Henderson, the contestant, claims the same declaration should have been made for him for the same reason. In other words, he claims he was elected, and the purpose of this proceeding is to get a court decision to that effect.

It is an election contest and not a primary contest. It is therefore immaterial how many votes Carter or Godwin received if the contestant received a majority of the votes cast, and neither Carter nor Godwin did, and there is no contention that they did.

The contestant has proceeded in the institution of this action upon the theory that the law has provided for his situation and can and will declare him elected city commissioner, notwithstanding the canvassing board found he was not elected.

All the statute law we have on election contests, primary and general, is found in chapter 14, title 12, Civil Code of 1913. This chapter consists of paragraphs 3060–3070, inclusive, and all of it is devoted to prescribing when and upon what grounds an election contest of a state, county, or municipal office may be maintained, except the last paragraph (3070), and this paragraph provides for primary election contests in this somewhat cryptic language:

"Primary elections may be contested in the same manner and within the same time as provided in this chapter for county elections."

Under such chapter no person can contest another's right to an office unless the latter has been declared elected. The fact that one may have been a candidate and received votes for the particular office will not authorize the filing of a contest against him. Before that may be done, the officers thereunto authorized must have declared such person elected. Such a declaration seems to us to be made by the statute jurisdictional, and without it no contest of an election can be had. The language (paragraph 3065) is:

"Any elector . . . may contest the right of any person declared elected to an office. . . . "

This paragraph is in its essentials the same as section 1111, California Code of Civil Procedure. In *Austin* v. *Dick*, 100 Cal. 199, 34 Pac. 655 (an election contest), said section 1111 was construed as authorizing a contest against no one but a person *declared elected*. In that case Austin and Dick were opposing candidates for the office of member of the board of supervisors. The canvassing board found that neither was elected, and ordered a special election, at which it appears that Dick received a majority of the votes and was declared elected supervisor. Austin instituted a contest of the first election, contending that he had received a majority of the votes at such election. The court, passing upon the question, reasoned as follows:

"The court, however, refused, by its judgment, to declare contestant elected, and this appeal is taken to obtain a modification and correction of the judgment in that respect. But the finding that no one was declared elected is upon a matter of jurisdiction. The proceeding is entirely statutory, and is to obtain a recanvass of the votes cast at an election in which. some person was declared elected, and the contest is simply over the right of the person 'declared

elected.' Section 1111, Code Civ. Proc. It is not, and cannot be made, a proceeding to determine the right of claimants to an office where one claims a right not depending upon that election, and the statute has not authorized the recanvass of the votes in the case, where the election has been declared to have resulted in the election of no one. In such case a new election must be called, although it may be that a candidate may question the correctness of the canvass in a different proceeding. Dick was elected at the special election called after it was determined that there had been no election at the general election. No fault is found with that election in the complaint. It is, in fact, wholly ignored. Perhaps it may be now claimed that the special election was illegal because there was then no vacancy. But this is a question which cannot be tried in this proceeding. There is hardly a section in the title in regard to this contest which does not show that the inquiry is limited to an examination of the right of the person declared elected at the election, the canvass of which is questioned. The finding, therefore, that no one had been declared elected, was a finding to the effect that the court had no jurisdiction of the matter."

This case was referred to and approved in principle in *McGregor* v. *Board of Trustees, etc.,* 159 Cal. 441, 114 Pac. 566, the court saying:

"The only privilege given by section 1111 is to 'contest the right of any person declared elected to an office. . . .' This language necessarily excludes the idea of a contest where no person has been declared elected."

It follows that chapter 14, *supra,* has failed to provide for a case like the present. Its language restricts the right of contest to those cases where the canvassing board has declared the contestee elected to the office contested.

It is the general rule that one who would contest an election assumes the burden of showing that his case falls within the terms of the statute providing for election contests. The remedy may not be extended

to include cases not within the language or intent of the legislative act. This is the fair import of the decisions of this court bearing upon the right to contest an office. *McCall* v. *City of Tombstone,* 21 Ariz. 161, 185 Pac. 942; *Kitt* v. *Holbert,* 30 Ariz. 397, 248 Pac. 25; *Sorenson* v. *Superior Court,* 31 Ariz. 421, 254 Pac. 230; *Schahrer* v. *Bell,* 34 Ariz. 334, 271 Pac. 715.

Under no view of the facts could the proceeding here be construed as a primary election contest under paragraph 3070, quoted above. A primary election, strictly speaking, has for its purpose the selection, often from numerous candidates, of a limited number of nominees, to be voted for a general election held at a later date—under the charter of the city of Phoenix, two for each office to be filled. If contestant had not been declared a nominee for the office of city commissioner and Carter and Godwin had been, a proceeding by him to contest the right of one of the others as a nominee would be a primary contest, as we conceive it. It is plain the remedy, if contestant have one, is not the statutory remedy of contest.

On April 5, 1927, a general election was held in which all candidates for the office of commissioner were eliminated except the two declared nominees, Henderson and Carter, and at such election the latter proved to be the choice of the voters. Of course, this election, although it evidenced the popular will of the voters, was futile unless there was a vacancy in the office. Whether there was cannot be tested in this kind of action. *Austin* v. *Dick, supra.*

The court was without jurisdiction of the subject matter, and, instead of trying the case, should have dismissed it.

The order is that the case be dismissed for want of jurisdiction of the subject matter.

LOCKWOOD and McALISTER, JJ., concur.