### GOODWIN v. CALMES.

No. 24795.   Oct. 3, 1933.

Rehearing Denied Oct. 24, 1933.

A. E. Underwood and R. B. Strong, for plaintiff in error.

Darnell, Gibson & Loving, for defendant in error.

OSBORN, J. Charles W. Goodwin, plaintiff in error, hereinafter referred to as plaintiff, and C. M. Calmes, defendant in error, hereinafter referred to as defendant, were candidates for the office of city commissioner of the city of Clinton, Okla. The election was held on April 4, 1933, the official returns showing that the defendant received a majority of the votes cast. Plaintiff prepared and filed with the county election board a petition alleging various irregularities in the conduct of the election and asked for a recount. A hearing was had before the county election board and a demurrer sustained to the evidence, upon which ruling plaintiff appealed to the district court of Custer county. Defendant filed a motion to dismiss, which was sustained by the court on the ground that the county election board had no jurisdiction in the matter. Thereupon plaintiff perfected this appeal.

The city of Clinton is a city of the first class with a charter form of government. The election referred to is the general election for city officials provided for by statute.

It is admitted that the proceeding is based upon the provisions of section 5813, O. S. 1931 (chapter 29, art. 3, sec. 9, of Session Laws 1931).

Section 5813, supra, specifically applies to candidates for county and state offices, and there is nothing therein which refers directly or by implication to candidates for city offices. Therefore, the trial court did not err in dismissing said cause for lack of jurisdiction in the county election board.

Plaintiff argues that, since the city charter of the city of Clinton provides no remedy, and there is no remedy suggested in the statutes, on a general basis of right and wrong, the said section 5813 is applicable to his case. Said argument is unsound for two reasons. In the first place, election contests are purely statutory. They are neither actions at law nor suits in equity. They are special proceedings. McCall v. City of Tombstone (Ariz.) 185 P. 942; Devous v. Gallatin County, 244 Ill. 40, 91 N. E. 102, 18 Ann. Cas. 422. In the second place, section 765, O. S. 1931 (chapter 96, Sess. Laws 1925), outlines a form of procedure through which plaintiff could have secured whatever relief he may have been entitled to receive under the proof in this case.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.