SUPREME COURT OF ARIZONA

| | |
|---|---|
| STACI BURK, a single woman, | Arizona Supreme Court |
| | No. CV-20-0349-AP/EL |
| Plaintiff/Appellant, | |
| | Pinal County |
| v. | Superior Court |
| | No. S1100CV202001869 |
| DOUG DUCEY, in his official | |
| capacity as Governor of the | |
| State of Arizona, et al., | **FILED: 01/06/2021** |
| | |
| Defendants/Appellees. | |

**AMENDED DECISION ORDER**

A panel consisting of Chief Justice Brutinel, Vice Chief Justice Timmer, Justice Gould, and Justice Lopez has considered this election appeal. The Court has considered the record, the trial court's December 15, 2020 minute entry, and the briefing of Appellant Staci Burk and Appellees Maricopa County and the Secretary of State.

The Secretary duly certified the statewide canvass and, on November 30, 2020, she and the Governor signed the certificate of ascertainment for presidential electors, certifying that in Arizona the Biden Electors received the highest number of votes cast and were duly elected Presidential Electors.

Under A.R.S. § 16-673, an elector contesting a state election "shall, within five days after completion of the canvass of the election and declaration of the result thereof by the secretary of state or by the governor, file in the court ... a statement in

writing" that sets forth "[t]he name and residence of the party contesting the election, and that he is an elector of the state and county in which he resides," along with "[t]he name of the person whose right to the office is contested," "[t]he office the election to which is contested," and "[t]he particular grounds of the contest." The statute also requires, in subsection B, "The statement shall be verified by the affidavit of the contestor that he believes the matters and things therein contained are true."

The contest here failed, first, because Appellant is not a qualified elector under A.R.S. § 16-121(A). Arizona law provides that a person who is qualified to register to vote and who has registered to vote is "deemed a qualified elector *for any purpose* for which such qualification is required by law," which would include bringing a challenge under A.R.S. §§ 16-672 and -673. (Emphasis added). *See Kitt v. Holbert*, 30 Ariz. 397, 400 (1926) ("It is ... obvious that the statement of contest must set forth specifically that the contestant is such elector."). And although Appellant argues that the cancellation of her voter registration was questionable, she admits that she was well aware before the election that she would not be able to vote in the general election. There is nothing before the Court to indicate that Appellant timely contacted the appropriate authorities to correct any problems with her voter registration. An election challenge under A.R.S. § 16-672 is not the proper vehicle to reinstate voter registration. We therefore affirm

the trial court ruling granting the Appellees' motion to dismiss because Appellant was not a qualified elector who was statutorily authorized to bring an action under A.R.S. § 16-673.

Second, Appellant failed to file a timely contest that complied with the election challenge statutes. Because the time challenges in election statutes are to be strictly construed, courts have repeatedly held that the five-day limit for statutory election challenges means five calendar days. *See Smith v. Bd. of Dirs., Hosp. Dist. No. 1*, 148 Ariz. 598, 599 (App. 1985) (election contest) and *Bedard v. Gonzales*, 120 Ariz. 19, 20 (1978) (nomination petition challenge); *accord Bohart v. Hanna*, 213 Ariz. 480, 482 ¶ 6 (2006)(noting "the requirement that time elements in election statutes be strictly construed" in a nomination petition appeal). Notwithstanding the fact that the election contest statutes do not include intermediate Saturdays, Sundays and legal holidays, "[t]he court will continue to adhere to the rule that if the fifth day for filing an election appeal falls on a Saturday, Sunday, or state holiday, a notice of appeal will be deemed timely if filed on the next business day." *Bohart*, 213 Ariz. at 482 ¶ 7 n.2. Here, the canvass was completed and declared on November 30, 2020; the five-day deadline expired on Saturday, December 5, 2020, and a statutorily compliant contest therefore needed to be filed no later than Monday, December 7, 2020. Although Appellant filed her contest on December 7, it was not verified by the Appellant's affidavit.

Appellant argues that subsequent amendments cured any defect. However, almost a century ago this Court held that "we are constrained both by reason and authority to hold that a statement of contest in an election contest may not be amended, after the time prescribed by law for filing such contest has expired, by adding thereto averments of a jurisdictional nature." *Kitt*, 30 Ariz. at 406. Appellant asks the Court to excuse the statutory deadlines because of personal circumstances, and she claims that enforcing the statutory deadlines would "suppress this challenge on technicalities and procedure." However, election contests are "purely statutory and dependent upon statutory provisions for their conduct." *Fish v. Redeker*, 2 Ariz. App. 602, 605 (1966). These technicalities are the laws that govern election contests. *See Donaghey v. Att'y Gen.*, 120 Ariz. 93, 95 (1978)(stating, "The failure of a contestant to an election to strictly comply with the statutory requirements is fatal to his right to have the election contested," and observing, "The rationale for requiring strict compliance with the time provisions for initiating a contest is the strong public policy favoring stability and finality of election results"). Likewise, "we are not permitted to read into" the election challenge statute "what is not there," which would include the ability to file an untimely amendment to meet the statutory verification requirement. *Grounds v. Lawe*, 67 Ariz. 176, 187 (1948). *See also Kitt*, 30 Ariz. at 400 (rejecting the contestor's attempt to amend the statement of contest to include an

allegation that he was an "elector of the particular political subdivision from which the officer whose election is contested is chosen," because "the statement of contest must set forth specifically that the contestant is such elector," notwithstanding the contestor's allegation that he was a citizen and resident of the political subdivision).

Appellant correctly notes that the contest was not dismissed on substantive grounds. We affirm the dismissal based on the lack of standing and the failure to file a timely verified election contest. We deny Appellees' request for attorney fees under A.R.S. § 12-349 because the statutes are unclear about who is an "elector" that can bring a challenge and the deadline to file the contest.

DATED this 6th day of January, 2021.

_____/s/_____
Robert Brutinel
Chief Justice

TO:
Staci Burk
Brett William Johnson
Colin P Ahler
Derek Flint
Ian R Joyce
Roopali H Desai
D Andrew Gaona
Kristen M Yost
Thomas P Liddy
Emily M Craiger
Joseph I Vigil
Joseph Branco
Joseph Eugene La Rue
Kevin D White
Rebecca Padilla
Amanda Stanford
Kristi Youtsey Ruiz