[Civ. No. 3175.   Second Appellate District, Division Two.—January 20, 1920.]

# W. E. CRAIGLOW, Appellant, v. C. J. WILLIAMS et al., Respondents.

[1] EVIDENCE—COURT RECORDS—JUDICIAL NOTICE.—A trial judge is bound to take judicial notice of the files of his own court.

[2] PLEADING — FORECLOSURE OF CHATTEL MORTGAGE — SUPPLEMENTAL COMPLAINT AGAINST JOINT MAKER OF NOTE FOR DEFICIENCY.— Where the defendants makers of a chattel mortgage given as security for the payment of a certain promissory note executed by them and their codefendant default after service of summons, but their codefendant appears and files an answer, and the court, after entry of the default of the defendants not appearing, but without trying the issues raised by the answer of the codefendant, enters a decree determining the liability of the defaulting defendants and orders the mortgaged property sold and the proceeds applied to the payment of said indebtedness, and such property is accordingly sold, leaving a deficiency, the plaintiff is not entitled to file a supplemental complaint setting up such facts and asking judgment for such deficiency against the defendant who appeared.

[3] ID.—DEMURRER TO SUPPLEMENTAL COMPLAINT SUSTAINED—ORIGINAL COMPLAINT AND ANSWER DISREGARDED—ERRONEOUS JUDGMENT.— Where such appearing defendant in his answer to the original complaint sets forth "that he executed said note as surety, and not otherwise," etc., the trial court, after sustaining his demurrer to the supplemental complaint without leave to amend, committed error in entering judgment "that the plaintiff take nothing by this action," etc.

[4] ID.—OFFICE OF SUPPLEMENTAL COMPLAINT.—A supplemental complaint is not an amendment to a pleading, and is not so classed in the code, but it is only authorized for the purpose of bringing before the court facts material to the case occurring after the former complaint or answer, and leaves the former pleading intact.

[5] ID.—CONSTRUCTION OF SECTION 726, CODE OF CIVIL PROCEDURE— APPLICATION TO SURETIES AND OTHER THAN PRIVIES.—Section 726 of the Code of Civil Procedure applies to the primary debtor, and was enacted for his benefit, and does not apply to an individual guarantor or surety, or to a subsequent endorser upon a promis-

1.   Judicial notice of court proceedings, note, 4 L. R. A. 34.

Judicial notice of the court's own records in other actions, notes, 12 Ann. Cas. 537; Ann. Cas. 1913A, 140; Ann. Cas. 1915B, 651; 11 L. R. A. (N. S.) 616; 29 L. R. A. (N. S.) 905.

sory note, nor, in fact, to any case where there is no privity of contract existing between the two obligations—that is, where the promissory debt and the obligations under the mortgage are separate and distinct obligations.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge. Reversed.

The facts are stated in the opinion of the court.

J. T. Reed and E. P. Sample for Appellant.

Sam Ferry Smith for Respondents.

THOMAS, J.—This is an action brought to recover the sum of two thousand one hundred dollars, with interest, upon a promissory note made, executed, and delivered by defendants to plaintiff, and for the foreclosure of a chattel mortgage executed by the defendants Williams to secure the payment of said note.

Summons and complaint were duly and legally served upon all defendants. Defendants Williams defaulted. The defendant Sterne interposed a demurrer to the complaint, which was overruled, after which he served and filed his answer herein. After entry of the default of the defendants Williams a decree of the court was entered wherein it was found that the defendants Williams were personally liable to the plaintiff for the principal, interest, attorneys' fees, and costs of suit, and the mortgaged property was ordered sold and the proceeds thereof applied to the payment of said indebtedness. The property was accordingly sold, leaving a deficiency of balance still due the plaintiff of $1,796.70.

It will be observed that the plaintiff proceeded with the action, took judgment of foreclosure and made a sale of the mortgaged property without trying any of the issues raised by the answer of the defendant Sterne.

Thereafter the plaintiff served and filed a "supplemental complaint," setting out the default of the defendants Williams, the finding of personal liability against them, and each of them, as to the said principal indebtedness already set forth, including the deficiency, and asking for judgment against the defendant Sterne for the amount of such deficiency. Defendant Sterne interposed a demurrer to this

"supplemental complaint," and at the same time filed an answer thereto. This demurrer was sustained, without leave to amend, and thereupon judgment was ordered and entered in favor of the defendant Sterne, and against the plaintiff for costs. This appeal is from the order sustaining the demurrer and the judgment so entered.

Appellant contends that he, does not know upon what theory the trial court based its decision, "unless it conceived all the defendants in the action to be joint obligors, and that hence only a joint judgment, instead of a joint and several judgment, could be rendered," and then argues that, if the latter, clearly under the provisions of section 579 of the Code of Civil Procedure defendant Sterne could be proceeded against and a judgment rendered against him after default of the defendants Williams; and, if the former, the entry of a default judgment against the defendants Williams for a deficiency, as already stated, was null and void and should have been so treated by the court.

[1] The trial judge is bound to take judicial notice of the files of his own court and, by the "supplemental complaint" on file, notwithstanding the sustaining of a demurrer thereto, it appears in this case that the whole matter has proceeded to judgment and a sale of the mortgaged property and consequent ascertainment of the deficiency before the answering defendant had any opportunity to try the issues involved. By the terms of section 726 of the Code of Civil Procedure, it is provided that "there can be but one action for a recovery of a debt, or for the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter." [2] The following cases are cited by respondent as supporting this contention, and with which we agree: *Gnarini* v. *Swiss American Bank,* 162 Cal. 181, [121 Pac. 726]; *Crisman* v. *Lanterman,* 149 Cal. 651, [117 Am. St. Rep. 167, 87 Pac. 89]; *Meyer* v. *Weber,* 133 Cal. 681, [65 Pac. 1110]; *Woodward* v. *Brown,* 119 Cal. 283, [63 Am. St. Rep. 108, 51 Pac. 2, 542]; *McKean* v. *German-American Bank,* 118 Cal. 334, [50 Pac. 656]; *Toby* v. *Oregon etc. Ry. Co.,* 98 Cal. 490, [30 Pac. 550]; *Barbieri* v. *Ramelli,* 84 Cal. 154, [23 Pac. 1086]; *Biddel* v. *Brizzolara,* 64 Cal. 354, [30 Pac. 609]; *Brown* v. *Willis,* 67 Cal. 235, [7 Pac. 682].

An examination of the promissory note set out and referred to in the complaint, however, will disclose that it is in form a joint note, not joint and several. [3] In the answer of defendant Sterne it is set forth, among other things, that "this defendant alleges that he executed said note as surety, and not otherwise," etc. Only for this fact the judgment might have been sustained. The defendant having, by his own verified pleading, shown that he was *surety,* and not a primary debtor, we think it was error to enter judgment "that the plaintiff take nothing by this action," etc. It would seem, although we do not so hold, that the original answer of the defendant Sterne was overlooked at the time judgment was entered; for, even though the court sustained the demurrer to the "supplemental complaint," still the original complaint and answer stood, and the issues there presented were still undisposed of. [4] "A supplemental complaint is not an amendment to a pleading, and is not so classified in the code, but it is only authorized for the purpose of bringing before the court facts material to the case occurring after the former complaint or answer, and leaves the former pleading intact." (*Giddings* v. *Seventy-six L. & W. Co.,* 109 Cal. 116, [41 Pac. 788].) To dispose of the case thus presented, without trial of the issues involved, it would seem to us, was prejudicial to the rights of defendant Sterne. [5] "The rule in this state as to section 726 clearly is that this section applies to the primary debtor, and was enacted for his benefit, and that it does not apply to an individual guarantor *or surety,* or to a subsequent endorser upon a promissory note, nor, in fact, *to any case where there is no privity of contract existing between the two obligations*—that is, where the promissory debt and the obligations under the mortgage are separate and distinct obligations." (*J. I. Case T. M. Co.* v. *Copren Bros.,* 32 Cal. App. 194, [162 Pac. 647]; *Murphy* v. *Hellman etc. Bank,* 43 Cal. App. 579, [185 Pac. 485], and cases there cited; *Martin* v. *Becker,* 169 Cal. 301, [Ann. Cas. 1916D, 171, 146 Pac. 665]; *Kinsel* v. *Ballou,* 151 Cal. 760, [91 Pac. 620].) For this reason the judgment cannot be sustained.

Lest we may be misunderstood in this matter, it should not be implied that the plaintiff should have judgment on the issues framed by the pleadings; and we purposely re-

frain from indicating, to say nothing of expressing, our views on that phase of the case, leaving it an open question to be ascertained and disposed of by the court at the next trial of this action, if any there be.

Judgment reversed.

Finlayson, P. J., and Sloane, J., concurred.