Argued June 23; affirmed July 7, 1937

# ODEN *v.* ODEN ET AL.

(69 P. (2d) 967)

*W. E. Phipps*, of Medford, for appellant.

*Otto J. Frohnmayer*, of Medford (Neff & Frohnmayer, of Medford, on the brief), for respondents.

RAND, J. Plaintiff brought this suit to foreclose a lien for labor alleged to have been performed upon certain described quartz mining claims in Jackson county, and obtained a decree foreclosing the lien but holding it to be a lien only as against an undivided one-third interest in the claims belonging to James Oden, a brother of the plaintiff. From this decree, the plaintiff has appealed, contending that he was entitled to have his lien foreclosed as against the entire property in the claims. In his complaint, however, the plaintiff alleged that the defendants, Nelson M. Nye, James Oden, Oscar C. Thielen and John Reter, were the owners of the claims and had employed him to perform the work. The defendants answered and, with the exception of James Oden, denied all the foregoing allegations of the complaint, thereby casting the burden upon the plaintiff to establish the allegations of his complaint.

Upon the trial, plaintiff testified that he had been employed to perform the work by his brother and one Chauncey Florey. He wholly failed to prove that Florey was the agent of any of the defendants or had authority to employ him in their behalf. He called Florey

as a witness and Florey testified that he had not employed the plaintiff on behalf of the defendant or either or any of them. James Oden was likewise a witness in the case and he testified that he had employed his brother to do the work. There was no testimony in the case that these claims were being operated as a mining partnership or that Oden had any authority to represent anyone but himself in the employment of his brother. Moreover, the plaintiff wholly failed to prove that the defendants or either or any of them, with the exception of James Oden, owned any interest whatever in the property, or that plaintiff had been employed by either or any of them to do any work thereon.

■ ■ Since James Oden was the owner of an undivided one-third interest in these claims and was not operating them under a mining or any other form of partnership, he was holding his interest in the property as a tenant in common and some other person or persons were cotenants with him. Who such persons were is not disclosed by the record. As a tenant in common, James Oden had a right to operate the property in his own behalf and to employ others to perform work for him, and, hence, he could bind his interest in the property and subject it to the enforcement of a lien for labor or material furnished in his behalf, but he had no authority to bind his cotenants, nor could he subject their interests to any lien for labor or services performed in his behalf.

It appears from the record that on the day preceding the trial of this cause, another cause and between other parties was tried in the court below. Upon the trial of this cause, without producing the record of the proceedings in the other cause, the plaintiff offered such record but no action by the court was taken ex-

cept to open up the case at the request of the plaintiff and to permit plaintiff to offer proof of the same facts which had been established in the trial of the other cause. Under said permission, plaintiff called Florey as a witness but he failed to establish, by him or any other witness, who the owners of the property other than James Oden were, or any fact which was essential to establish plaintiff's right to a lien as to the interest in the property not owned by James Oden.

What the record offered but not produced would have established if it had been produced and received in evidence were matters over which the trial court could not take judicial notice and, since that record is not here, we have no knowledge of what it contained. It is clear that this court cannot take judicial notice of facts which are claimed to have been established in another cause between other parties not then before the court. Under sections 9-301 and 9-302, Oregon Code 1930, it is held that the court will take judicial notice of the records and prior proceedings in a cause: *State ex rel. v. Richardson*, 48 Or. 309 (85 P. 225, 8 L. R. A. (N. S.) 362) ; *In re Mills' Estate*, 40 Or. 424 (67 P. 107). But before that can be done, it must be the same and not a different cause between other parties and tried at a different time.

Under the evidence offered in the instant case, the ownership and employment being both denied except as to James Oden and no proof having been offered in respect to either ownership or employment, the trial court, as is this court, was compelled to limit the operation and effect of the decree to James Oden's one-third interest in the property.

The decree appealed from is, therefore, affirmed.

BEAN, C. J., and BAILEY and CAMPBELL, JJ., concur.