[Civ. No. 11031. First Appellate District, Division Two.—April 20, 1939.]

In the Matter of the Petition of HENRY J. READER et al., for an Order Postponing Foreclosure Sale Under a Deed of Trust. HENRY J. READER et al., Respondents, v. LOUIS C. DRAPEAU, as Building and Loan Commissioner, etc., Appellant.

Walter Carrington for Appellant.

John C. Stirrat and Heber James Brown for Respondents.

STURTEVANT, J.—This is an appeal from an order postponing foreclosure sale of real property under a trust deed by Louis C. Drapeau, building and loan commissioner, and as such receiver of California Mutual Building and Loan Association, the beneficiary under a deed of trust executed by Henry J. Reader and Eva L. Reader, his wife. The appellant contends that the evidence did not support the order. The question at once arises as to what the issues were. The trustors filed a petition as follows:

"The petition of Henry J. Reader and Eva L. Reader, his wife, respectfully shows:

"I.

"That your petitioners are interested parties in the above entitled matter, and file this petition pursuant to the provisions of the Mortgage and Trust Deed Moratorium of 1937.

## "II.

"That on or about May 15, 1936, your petitioners filed herein their petition for an order postponing the foreclosure sale of real property, which petition is hereby referred to and made a part hereof, as if the same were herein fully set forth.

## "III.

"That pursuant to the petition herein above referred to, the above entitled Court duly made its order herein on the 5th day of September, 1936, postponing the foreclosure sale of the real property described in the petition originally on file herein, until February 1st, 1937. That thereafter, after proceedings duly had herein, the above entitled Court duly made its order on the 5th day of February, 1937, continuing its order of September 5, 1936, which order was presented and signed on the 17th day of September, 1936, in full force and effect in all respects up to and including the 1st day of July, 1937. That said orders, and each of them, are hereby referred to and incorporated as a part hereof, as if the same were herein fully set forth.

## "IV.

"That your petitioners have duly complied with all of the terms provided in the said orders and each of them by your petitioners to be met, and are not in default in any of the terms of the said orders postponing the foreclosure sale of your petitioners' real property.

## "V.

"That the apartment house industry is improving, and that your petitioners are informed and believe and therefore allege that as business in general improves, the rents for apartments will increase and enable your petitioners to either refinance the property or to meet payments satisfactory to the respondent, if the foreclosure sale of the real property is postponed until July 1, 1939.

## "VI.

"That your petitioners have offered to the respondent herein, its own savings certificates in an amount sufficient to pay the entire amount of its incumbrance against the said real property of your petitioners, but that the said respondent has refused to accept its own savings certificates in payment of the said indebtedness."

It was duly served on the petitioner and he promptly appeared and filed an answer as follows:

"Comes now Louis C. Drapeau, as Building and Loan Commissioner of the State of California, in the liquidation of California Mutual Building and Loan Association, respondent in the above-entitled matter, and in answer to the petition herein, admits, denies and alleges:

"I.

"In answer to paragraph II of said petition, respondent denies the allegations made and contained in paragraphs VI and VII of the petition referred to and incorporated in said paragraph II.

"II.

"In answer to paragraph V of said petition, respondent does not have sufficient information or belief sufficient to enable him to answer the allegations therein contained, and by reason thereof, denies each and every allegation therein contained.

"III.

"In answer to paragraph VI of said petition, respondent denies each and every allegation therein contained."

The paragraphs of the original petition referred to in that answer as VI and VII and lettered by us respectively (A) and (B) were as follows:

"VI. (A)

"That the gross monthly income from the said property averages $206.12. That the monthly operating costs average as follows: water $9.00; garbage $1.30; door telephone system $6.00; telephone $3.00; hall lights $3.40; taxes $33.67; repairs $15.00; replacements $5.00; furniture $10.00; insurance $3.42; interest $101.97 on the first deed of trust; interest on the second deed of trust $2.84; making a total operating expense of $212.60 per month.

"VII. (B)

"That rental conditions are now improving and your petitioners believe and therefore allege that if the proposed foreclosure sale is postponed that they will be able to either refinance the said property or meet the payments as required under the terms of the above-described deed of trust and save their equity in the said property."

On a casual glance at the pleadings it appears that the issues were few. ■ But the appellant stresses the fact

that this is a special proceeding, that the statute (Stats. 1937, chap. 167, sec. 16) does not expressly authorize the filing of an answer, and therefore his answer had no standing as a pleading. The respondents reply that as appellant filed his answer under the provisions of the Code of Civil Procedure thereby causing respondents to rely upon admissions made under section 462 thereof, the appellant is clearly estopped from invoking against the respondents the rule contended for. (Subd. 3, sec. 1962, Code Civ. Proc.; subds. 3 and 27, sec. 1963, Code Civ. Proc.; *Abbott* v. *Cavalli,* 114 Cal. App. 379 [300 Pac. 67].) That reply is clearly sound. ■ However, it is also clear that the appellant was entitled to file an answer. The statute just quoted absolutely vested in the trial court jurisdiction to hear and determine respondents' petition. It did not purport to specify minutely the procedure. Under such circumstances the trial court had the right to adopt any suitable process or mode of proceeding which might appear most conformable to the spirit of the Code of Civil Procedure. (Code Civ. Proc., sec. 187; *Barnes* v. *District Court of Appeal,* 178 Cal. 500, 504 [173 Pac. 1100]; *Bass* v. *Leavitt,* 11 Cal. App. 582, 585 [105 Pac. 771]; *Doty* v. *Jenkins,* 142 Cal. 497, 498, 499 [77 Pac. 1104]; *Fleming* v. *Ingalls,* 1 Cal. Unrep. 344.) Under the foregoing authorities we think it is clear the issues before the trial court were those that appeared on the face of the pleadings.

■ The issues made regarding paragraph VI (A) of the original petition constituted a false quantity. The respondents having filed a petition and having been granted an order extending the time, and being desirous of an additional extension of time, were bound to plead that they had filed the original petition. They were not bound again to prove the facts therein recited. That such facts existed was inferentially found by the trial court when it made its first order extending the time. Of the filing of that petition and the making of that order the trial court, on the hearing of the last petition, was bound to take judicial notice. (*Craiglow* v. *Williams,* 45 Cal. App. 514, 516 [188 Pac. 76].) The order made on the original petition had become *res judicata.* (34 C. J. 517, 857, 1175 and 1291.) Moreover, on the hearing of the last petition the respondents introduced oral evidence proving every single allegation in the above-mentioned paragraph.

As to the issues made regarding paragraph VII (B) of the original petition they stand on the same basis as the issues of the paragraph disclosed immediately above.

■ As to the issues made by paragraph V of the last petition it will be observed by comparison that said allegations are in substance merely to the effect that the conditions alleged in paragraph VII (B) were continuing. That is, rental conditions were improving but were still not out of the great depression that commenced in 1929. The original order based on the allegations contained in paragraphs VI (A) and VII (B) constituted some evidence. A comparison of the figures contained in said paragraphs with the figures stated by the witness called on the hearing of the last petition constituted additional evidence. In other words, on May 14, 1936, the date of the filing of the original petition, the rentals of the property involved amounted to $212.60 per month, whereas the rentals at the time of the last hearing for full capacity amounted to $284.50. Furthermore, in hearing the petition the chancellor remarked that according to general opinion rentals were increasing and he could and would take judicial notice of that fact. The appellant vigorously contends the chancellor should not have done so. In that contention we think the appellant is clearly in error. (*Atchison, T. & S. F. R. Co.* v. *United States*, 284 U. S. 248, 260 [52 Sup. Ct. 146, 76 L. Ed. 273]; *Varcoc* v. *Lee*, 180 Cal. 338 [181 Pac. 223]; *Wood* v. *Kennedy*, 117 Cal. App. 53, 61–63 [3 Pac. (2d) 366].)

■ The last contention made by the appellant is that the respondents did not introduce any evidence proving or tending to prove paragraph VI of their petition. An examination of that paragraph discloses it contained matter that was wholly immaterial. No duty rested on respondents to prove immaterial allegations.

We find no error in the record. The order appealed from is affirmed.

Nourse, P. J., and Spence J., concurred.