(No. 7105. July 16, 1943.)

ROBERT E. HILL, Appellant, v. ROY BICE and EDWARD
BICE, Respondents.

[139 Pac. (2d) 1010.]

A. A. Merrill and L. H. Merrill for appellant.

O. R. Baum for respondents.

BUDGE, J.—Appellant brought this action against respondents alleging in his complaint among other things:

"That on the said 25th day of October, 1941, the defendants were the owners of a large transport truck, the motor and serial number of which is unknown to these plaintiffs; that said truck is known by the defendants as truck number 4.

"That on the 25th day of October, 1941, at approximately one o'clock A.M. of said day, Dean Hill, son of the plaintiff

Robert E. Hill, was driving said automobile from Rexburg, Idaho, to his home in Ucon, Idaho, when the accident hereinafter set forth occurred.

"That on said 25th day of October, 1941, the defendants Roy Bice and Edward Bice were engaged in transporting large quantities of petroleum products in bulk by the large truck and tank trailer and was driving in a southerly direction on and along said highway; that said truck was then and there being operated and driven by one Marshal Thayer, who was then and there their agent, servant or employee of said defendants Roy Bice and Edward Bice and was at said time and place, acting within the scope of his employment.

"That about one o'clock A.M. of said 25th day of October, 1941, and at approximately one-half mile north of Rigby, Idaho, the said Marshal Thayer, who was then and there in charge of and operating the said motor truck and tank trailer and while acting within the scope of his employment, did carelessly, negligently, and with wanton disregards for the rights and properties of others, drive said truck into the rear end of the plaintiff's automobile completely demolishing the same; that said automobile then and there owned by the plaintiff Robert E. Hill was completely destroyed by the acts of the defendants by and through their said agent Marshal Thayer * * * *.

"That immediately before the accident as aforesaid, said automobile was of the reasonable and fair market value of $600.00; that after said accident, the said automobile had no value whatsoever; that the said collision and the destruction of the plaintiff Robert E. Hill's automobile * * * was directly and proximately caused by the carelessness and negligence of the defendants Roy Bice and Edward Bice by and through their agent and employee, Marshal Thayer as hereinabove alleged * * *."

* * *

"That the defendants by and through their said agent, employee or servant as hereinabove stated were negligent and careless in driving along said highway at a high and reckless rate of speed *approximately 50 miles an hour* (amended by interlineation) and in striking said plaintiff's automobile without giving the plaintiff any warning whatsoever that said truck was approaching from the rear.

"That as a result of said carelessness on the part of the defendants by and through their said agent, at said time

and place, the plaintiff Robert E. Hill has suffered damages in the sum of $600.00.",

Which damages appellant sought to recover.

Respondents filed an answer and also set up an affirmative defense. In their answer respondents admit that on October 25, 1941, the day of the collision, they were engaged in transporting large quantities of petroleum products in bulk, and that they owned "a large transport truck" known to them "as truck number 4". Respondents admitted some damage was done to "a car driven by Dean Hill," but denied each and every other allegation in connection therewith.

The cause came on for trial before the court and jury. At the conclusion of appellant's evidence, and after he had rested his case, respondents made a motion for non-suit on the ground that respondents had not been identified as owners of the truck involved in the collision. At the conclusion of the argument on said motion, appellant asked and was granted permission to reopen the case for the purpose of offering further testimony. After appellant made his offer of proof, he asked leave to amend his complaint to conform to the proof "by adding to the title of the complaint, immediately after the words, 'Edward Bice', the following: 'As individuals, and Roy Bice and Edward Bice, sometimes known as Bice Brothers.' and by adding, immediately after the last word in paragraph one of the complaint, the following: 'That said defendants are some times known as Bice Brothers'."

The court refused to allow appellant to amend his complaint to conform to the proof upon the theory that the proof so offered did not support the amendment, and rejected the offer of proof on the ground that it was merely cumulative to what appellant had already offered, and did not aid appellant on the "questions and issues involved in the motion for non-suit." The court then granted the motion and entered judgment of non-suit, from which this appeal is taken.

In denying the motion to amend and in granting the motion for non-suit, the court adopted the theory that the testimony introduced by appellant after the cause was reopened did "not aid the plaintiff because it does not identify Bice Brothers and connect them with these defendants."

The pertinent question is whether appellant offered sufficient evidence to make a prima facie case identifying

Bice Brothers and connecting them with respondents. Keeping in mind that "A motion for non-suit, being equivalent to a demurrer to the evidence, must be tested by that version of the evidence most favorable to plaintiff," (*Miller v. Gooding Highway Dist.*, 55 Ida. 258, 262, 41 P. (2d) 625), we will consider the evidence.

Appellant introduced in evidence a photograph of the truck involved in the collision taken a few hours thereafter. On one side of the truck the following printed words appear: "Bice Brothers" and "4", which are clearly visible. Appellant also introduced a letter bearing date November 3, 1941, written subsequent to the collision and prior to the bringing of the present action, which in part is as follows:

"BICE BROTHERS
Transporters of Petroleum Products
Laurel, Montana

\* \* \*

Mr. Robert E. Hill
Route No. 1
Idaho Falls, Idaho
Dear Mr. Hill:
We have received your letter regarding the accident which happened near Rigby and involved your car and *one of our transports.*
I have made a thorough check-up regarding this accident and find that our drivers were in no way to blame for what happened.
\* \* \*
Yours very truly
BICE BROTHERS
By Roy Bice [Signature in longhand]" (Italics ours.)

Respondents admit in their answer that they owned a truck of the same description as the one involved in the collision; that they were on the day of the collision engaged in transporting petroleum in bulk; that their truck was known to them as truck number 4.

In addition to the foregoing admissions in respondents' answer, the following admission was made in open court: "There is no controversy about" the kind of a truck that respondents owned and were driving at the time and

place of the accident, "it's all admitted". It is well settled that a distinct and formal admission made by an attorney acting in his professional capacity on a trial binds his client as a judicial admission. (*Morrison v. Montgomery,* 105 Kan. 430, 184 P. 985; *State v. Turlock,* 76 Mont. 546, 248 P. 169; *Daneri v. Gazzola,* 2 Cal. A. 351, 83 P. 455; *Reed v. Oregon-Washington R., etc. Co.,* 87 Or. 421, 169 P. 346, and 87 Or. 398, 169 P. 342, 170 P. 300.) In other words, respondents admitted they owned and were driving at the time of the accident a truck number 4 of the kind described in the complaint.

Appellant offered in evidence exhibit H, being a duly notarized affidavit of respondents' counsel in support of a motion for continuance, to which respondents' counsel objected on the usual ground that it was incompetent, irrelevant and immaterial, and in addition an attempt to "prove agency by the statement of an agent". However, counsel for respondents admitted he signed the affidavit and that it was filed in the case.

The affidavit *inter alia* discloses that counsel for respondents "* * * is one of the attorneys for the defendants [Roy Bice and Edward Bice] herein and the attorney who has had charge of the above matter for the defendants * * * that said defendants were being represented at that time [time of collision] by one Marshall Thayer who was then and there in charge and the operator of the truck; * * * That Marshall Thayer aforementioned was an employee of the defendants and in charge and that shortly after the occurrence referred to in the complaint the said Marshall Thayer severed his employment with the defendants and upon severing his connections with the said defendants he advised the said defendants that he would be available for said trial and was advised to confer with your affiant; that thereafter and in the early spring of 1942 the said Marshall Thayer advised your affiant as follows:

Evanston, Wyo.
General Delivery

Mr. O. R. Baum
Pocatello, Idaho
Dear Mr. Baum:

I am writing you concerning a law suit against me on October 25, 1941 near Rigby, Idaho, while in the employ of the Bice Brothers. * * *."

The affidavit further discloses: "* * * that the said Marshall Thayer was being accompanied by one Oscar Marks." Upon the strength of the affidavit so filed a continuance was obtained.

Counsel for respondents states in his affidavit that he was and is respondents' attorney; "that said defendants were being represented at that time [time of collision] by one Marshall Thayer who was then and there in charge and the operator of the truck;" "That Marshall Thayer aforementioned was an employee of the defendants [Roy Bice and Edward Bice]." It will be observed that Marshall Thayer, in his letter to respondents' counsel, said: "I am writing you concerning a law suit against me on October 25, 1941, near Rigby, Idaho, *while in the employ of Bice Brothers.*" (Italics ours.)

No other possible inference can be drawn from the affidavit, as. well as other evidence in the record, than that Roy Bice and Edward Bice composed the firm of Bice Brothers, and that they were one and the same. In any event, appellant upon this point made out a prima facie case, and whether or not Roy and Edward Bice constituted Bice Brothers became a question of fact for the jury.

Affiant's affidavit, exhibit H, was one of the files in the case, and the general rule is that a court will take judicial notice of its own records and files in the particular case before it for all purposes. (*Oden v. Oden,* 157 Or. 73, 69 P. (2d) 967; *Sims Printing Co. v. Kerby,* 56 Ariz. 130, 106 P. (2d) 197; *Johnston v. Ota,* 43 C.A. (2d) 94, 110 P. (2d) 507; *In re Laack's Estate,* 188 Wash. 462, 62 P. (2d) 1087; *Parkes v. Burkhart,* 101 Wash. 659, 172 P. 908; *Guardianship of Robinson,* 9 Wash. (2d) 525, 115 P. (2d) 734; *Petition of Reader,* 32 C.A. (2d) 309, 89 P. (2d) 654.) In *Petition of Reader,* supra, appellant contended he was not bound by admissions in his answer to petition for continuance of the cause, because his answer had no standing as a pleading; but his contention was pronounced unsound, the court going on to say that it would take judicial notice of the filing of the original petition and making of original order of postponement, and "The respondents having filed a petition and having been granted an order extending the time, and being desirous of an additional extension of time, were bound to plead that they had filed the original petition. They were not bound again to prove the facts therein

recited. *That such facts existed was inferentially found by the trial court when it made its first order extending the time."* (Italics ours.)

 We are of the opinion that affiant's affidavit was admissible in evidence and that the court erred in sustaining the objection to its admissibility.

 The rule is well settled in this jurisdiction that "* * * trial courts should act cautiously and should carefully scrutinize all of the evidence before granting a motion for nonsuit. * * * On a motion by defendant for nonsuit, after the plaintiff has introduced his evidence and rested his case, the defendant must be deemed to have admitted all the facts of which there is any evidence, and all the facts which the evidence tends to prove. * * *.

" 'It is a well settled rule of this court that on a motion by the defendant for nonsuit, after the plaintiff has introduced his evidence and rested his case, the defendant is deemed to have admitted all of the facts of which there is any evidence, and all of the facts which the evidence tends to prove, and that the evidence must be interpreted most strongly against the defendant.'

* * *

"A plaintiff should not be nonsuited unless it appears that the evidence in his behalf, upon the most favorable construction the jury would be at liberty to give it, would not warrant a verdict for him." (*Miller v. Gooding Highway Dist.,* supra, and cases therein cited.)

 It is reversible error for the trial court to grant a nonsuit where the plaintiff has made out a prima facie case. (*Idaho Mercantile Co. v. Kalanquin,* 7 Ida. 295, 62 P. 925; *Kroetch v. Empire Mill Co.,* 9 Ida. 277, 74 P. 868; *Adams v. Bunker Hill Etc. Min. Co.,* 12 Ida. 637, 89 P. 624; *Later v. Haywood,* 12 Ida. 78, 85 P. 494.) Likewise, a motion for nonsuit should be denied when reasonable minds might well differ concerning the evidence introduced. (*Miller v. Gooding Highway Dist.,* supra; *Finlayson v. Waller et al.,* 64 Ida. 618, 134 P. (2d) 1069.)

 Had appellant's evidence been restricted to a similarity of names between respondents and Bice Brothers, or the fact that Bice Brothers and respondents were engaged in the same business, or the fact that respondents' truck was known as truck number 4 as was that of Bice

Brothers, or the open court admission by counsel for respondents heretofore referred to, or the letter signed "Bice Brothers by Roy Bice", in which it was admitted that the collision happened near Rigby and involved appellant's car and "one of our transports", or the affidavit filed by respondents' counsel in support of a motion for continuance, perhaps we could not hold that appellant had made out a prima facie case. But when we take into consideration the admissions in the pleadings and all the evidence in the case, we can reach no other conclusion than that the evidence was sufficient to withstand the assault of a motion of nonsuit; that appellant made out a prima facie case identifying Bice Brothers and connecting them with respondents; that Roy Bice and Edward Bice constituted Bice Brothers, which being true, the court committed reversible error in granting the motion for nonsuit and in entering a judgment based thereon in favor of respondents. Furthermore, we are of the opinion that the court erred in refusing appellant permission to amend his complaint to conform to the proof, and in failing to require respondents to answer said complaint as amended.

Sec. 5-905, I.C.A., provides *inter alia*: "The court may, in furtherance of justice and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect * * *." Great liberality should be shown in allowing amendments to pleadings in furtherance of justice between the parties. (*Kroetch v. Empire Mill Co.*, supra; *Dunbar v. Griffiths*, 14 Ida. 120, 93 P. 654; *Rankin v. Caldwell*, 15 Ida. 625, 99 P. 108; *Mole v. Payne*, 39 Ida. 247, 227 P. 23; *Hoy v. Anderson*, 39 Ida. 430; 227 P. 1058.) Where it appears that the amendment offered is made for the purpose of conforming to the proof and does not present any new cause of action or issue, and the opposing party has not been misled or deprived of introducing any evidence which he might desire to offer in consequence of the amendment, it is error for the court to disallow such amendment. (*Harrison v. Russell*, 17 Ida. 196, 105 P. 48.)

Other errors are assigned but we do not deem them of sufficient importance to warrant a discussion.

From what has been said it follows that the judgment of the court granting the motion for nonsuit and entering

judgment dismissing appellant's action must be set aside, respondents be required to answer the amendment to the complaint, and that a new trial be granted, and it is so ordered.

Costs to appellant.

Ailshie, Givens, and Dunlap, JJ., concur.

Holden, C.J., did not sit at the hearing or participate in this decision.