Argued June 3, affirmed July 15, 1963

IN RE ESTATE OF HATFIELD
## HOOD *v.* HATFIELD ET AL
383 P. 2d 1021

*W. R. Bradshaw,* Klamath Falls, argued the cause and filed the brief for appellant.

*David Card,* Klamath Falls, argued the cause for respondent Andrew Hi Hatfield. On the brief were Smith and Card.

Before McAllister, Chief Justice, and Rossman, Sloan, O'Connell, Goodwin, Denecke and Lusk, Justices.

LUSK, J.

This is a proceeding for determination of heirship and right of distribution of the estate of Ronald Joseph Hatfield, deceased. The petitioner, Alice O. Hood, the natural mother of the deceased, claims to be his sole heir at law. The defendant, Andrew Hi Hatfield, the adoptive father of the deceased, claims to be entitled to an equal distributive share of the estate with the petitioner. The court entered a decree in accordance with Hatfield's contention and the petitioner has appealed.

Ronald Joseph O'Donovan was the illegtimate son

of the petitioner. He was born April 9, 1933. The petitioner and Andrew Hi Hatfield were married on September 14, 1936. On September 30, 1940, the circuit court for Klamath county entered a decree declaring Ronald Joseph O'Donovan to be the adopted child of Hatfield and changing the child's name to Ronald Joseph Hatfield. On March 13, 1942, the petitioner and Andrew Hi Hatfield were divorced. The decree granted custody of Ronald Joseph Hatfield to his mother. Ronald Joseph Hatfield died on March 17, 1961, without lineal descendants or widow surviving him and his estate was probated in Klamath county.

Whether the petitioner is the sole heir at law of the deceased is to be determined by an examation of certain provisions of the adoption statutes of this state considered in connection with the statutes of descent and distribution.

The statutes of descent and distribution provide that if an intestate leaves no lineal descendants and no surviving spouse, his property shall descend in equal proportions to his father and mother. ORS 111.020 (2) and 111.030. By ORS 109.050 and 111.210 it is provided, in substance, that an adopted child bears the same relation to his adopting parents in respect to the inheritance of property as if he were their natural child and if he dies under age or intestate leaving property, such property shall be distributed as if he were the natural child of such parents.

Upon the death of Ronald Joseph Hatfield, he left surviving him a father by adoption and his natural mother. Under the statutes to which we have referred the surviving parents are entitled to inherit his property in equal proportions unless there is some other statute which makes these provisions inapplicable to the present case.

The petitioner points to ORS 109.041 as such a statute. It reads:

"(1) The effect of a decree of adoption heretofore or hereafter granted by a court of this state shall be that the relationship, rights and obligations between an adopted person and his descendants and

"(a) His adoptive parents, their descendants and kindred, and

"(b) His natural parents, their descendants and kindred

shall be the same to all legal intents and purposes after the entry of such decree as if the adopted person had been born in lawful wedlock to his adoptive parents and had not been born to his natural parents.

"(2) Where a person has been or shall be adopted in this state by his stepparent, this section shall leave unchanged the relationship, rights and obligations between such adopted person and his descendants and his natural parent, who is the spouse of the person who adopted him, and the descendants and kindred of such natural parent."

■ Petitioner's contention is based upon subsection (2) of the foregoing statute and is, as we understand it, that since she would have been upon her son's death prior to his adoption by her former husband her son's sole heir at law, subsection (2) was enacted to secure her right in that regard after the adoption as before. If this construction is correct, it would follow that the adoptive parent would not only not be entitled to inherit from the adopted child, but, in view of the all inclusive language of subsection (2), to wit: "shall leave unchanged the relationship, rights and obligations" between the adopted person and his natural parent, no legal relationship, rights or obligations of

any sort between the adoptive parent and the child would be created by the decree of adoption, which would in that case be a mere empty formality. We do not think that this was the legislative intent.

■ By the first subsection of ORS 109.041 it is provided, in substance, that the relationship between an adopted child and his descendants on the one hand, and his adoptive parents and descendants and kindred on the other, is the same as if the adopted child had been born in lawful wedlock to his adoptive parents and *had not been born to his natural parents*. If the statute had stopped there, the result of the adoption by a stepparent who is the spouse of the natural parent would be, as in the case of other adoptions, to sever all legal relationships whatever between the natural parent and the child. The status of Ronald Joseph Hatfield would have been as though he had not been born to the petitioner. Notwithstanding the relationship of wife and husband between her and the adoptive parent, she would have been barred altogether from inheriting from the child and deprived as well of all right to its custody and control and the child would have been deprived of the right to inherit from his mother and released from all legal obligation to her. To guard against such an incongruity, subsection (2) was enacted. It was evidently the view of the legislature that in these circumstances the relationship of the natural parent to the child should not be deemed terminated, but should be accommodated to the existing situation, and that the legal incidents after the adoption should be the same as they would have been had both parties been natural parents or both adoptive parents of the child. It was obviously contemplated that both parents would share the responsibilities and enjoy the benefits of that relationship, including the

right to inherit from their child, as provided by other statutes.

A provision similar to subsection (2) of ORS 109.041 was a part of the original adoption law of this state, enacted in 1864, and remained in effect until 1953, when ORS 109.041 was enacted (Oregon Laws 1953, ch 650). This provision read:

OCLA, § 63-408:

"Excepting in the case of a parent who is the husband or wife of the person adopting the child, the parents of such child shall be deprived by such adoption of all legal rights as respects the child; and the child shall be freed from all obligations of maintenance and obedience as respects its parents."

The foregoing section was repealed by Oregon Laws 1953, ch 650, and subsection (2) of what is now ORS 109.041 substituted for it. It is apparent that the exception in OCLA § 63-408 was intended to serve the same purpose as subsection (2) of ORS 109.041, that is, to prevent the severing of all relationship between the natural parent and the adopted child as the result of the decree of adoption and to preserve that relationship to the fullest extent appropriate to the new situation. This construction accords with the policy of our law which is to encourage adoptions in all proper cases.

Apparently as an afterthought—for there is nothing in the proceedings below to suggest it—the petitioner assigns as error the failure of the trial judge to find that the defendant is estopped to assert his claim of inheritance from the deceased. This contention is based upon the assertion in petitioner's brief that the State Public Welfare Commission in its report to the court regarding the proposed adoption of Ronald Joseph Hatfield stated that "Andrew Hi Hatfield, not being an enrolled member of the Klamath Indian Tribe

was not entitled to inherit from the adopted child, but that the mother would inherit from the child regardless of the adoption." Apart from the fact that no estoppel was pleaded and there is no evidence that the defendant had knowledge of the contents of the report, the question is not before us, as the report is not in evidence. The fact of the adoption was admitted in the pleadings and no attack was made in the pleadings on the validity of the decree. When counsel for petitioner asked the court to take judicial notice of the entire file in the adoption proceeding counsel for the defendant objected on the ground that only the decree was relevant. The judge announced that he would take judicial notice of the whole file, but the rule is that a court cannot take judicial notice of the records in a different case than the case before it. *Schuyler v. Haggart,* 224 Or 530, 533, 356 P2d 955; *Scott v. Platt,* 171 Or 379, 389, 135 P2d 769, 137 P2d 975; *Oden v. Oden,* 157 Or 73, 76, 69 P2d 967; 20 Am Jur 105, Evidence § 87. In *Schuyler v. Haggart,* supra, it was indicated that in the absence of objection it would not be improper for the court to consider in the proceeding before it "information which came to him in an entirely different case between different parties." Even though it should be argued that the defendant's objection was not the proper one, the fact remains that the judge did not consider the report because the claim of estoppel was never brought to his attention. That document is not here and "[i]t is clear that this court cannot take judicial notice of [it]." *Oden v. Oden,* supra.

We agree with the circuit court that the petitioner and the defendant are entitled to inherit the property of Ronald Joseph Hatfield, deceased, in equal proportions and the decree is, therefore, affirmed.