IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JAMES E. ROBERTSON )
and STACY L. BRUNE, )
)
Plaintiffs, ) TC-MD 160279C
)
v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendant. ) **FINAL DECISION**[1]

*DECISION ON THE MERITS*

Plaintiffs appealed Defendant's Notice of Refund Offset, dated May 24, 2016, for the

2015 tax year.  Defendant failed to appear and answer the Complaint.  After the period for

Defendant to answer Plaintiff's Complaint passed, the court sent a letter advising the parties of

Defendant's failure to appear and Plaintiffs' right to file a motion for default.  Defendant did not

respond to the court's letter, and Plaintiff filed a motion for default.  Defendant did not respond

to Plaintiff's motion for default.  On October 28, 2016, the court issued an Order of Default,

which is incorporated herein by reference.  Defendant did not file a motion or otherwise

communicate with the court regarding this case following the Order of Default.  An uncontested

evidentiary hearing was held in the courtroom of the Oregon Tax Court on December 13, 2016.

Both Plaintiffs appeared and testified.  Plaintiffs' exhibits 1 to 20 were admitted into evidence.

/ / /

/ / /

---

[1] The court's Decision, entered February 1, 2017, is incorporated herein without change under the heading *Decision on the Merits*.  The court's determination of Plaintiffs' request for costs and disbursements, filed February 13, 2017, is contained under the heading *Decision on Costs and Disbursements*.

## I. STATEMENT OF FACTS

The following facts appear from the pleadings, testimony, and exhibits admitted into evidence. Because Defendant failed to answer Plaintiff's Complaint, the allegations contained therein are accepted as true.

Plaintiffs filed a joint 2015 Oregon income tax return, claiming an overpayment of tax and net refund of $6,672. James Robertson's form W-2 also reported $6,672 in state tax withheld from his pay. As they had done in previous years, Plaintiffs filed a federal form 8379 (Injured Spouse Allocation) with their return, annotated with the words "Oregon State" in the heading. That form 8379 allocated to James Robertson all of Plaintiffs' Oregon standard deductions and Oregon income tax withheld.

Defendant issued a Notice of Refund Offset to Plaintiffs on May 24, 2016. That notice stated that Plaintiffs' entire refund had been offset to pay a debt to the U.S. Department of Education. The entirety of that debt was owed by Stacy Brune.

Plaintiffs request that the refund be issued to James Robertson rather than used to to pay Stacy Brune's debt to the federal government.

## II. ANALYSIS

The issue in this case is whether Plaintiff James Robertson is entitled to a refund of the excess tax he paid in 2015.

In this court, the burden of proof falls on the party seeking affirmative relief—here, on Plaintiffs. *See* ORS 305.427.[2] If Plaintiff establishes a *prima facie* case, the burden of going forward with the evidence then shifts to Defendant. *See id*.

///

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

ORS 305.270 and 314.415 impart a duty on Defendant to refund any excess tax paid.

ORS 305.270(1) states:

> "If the amount of the tax shown as due on a report or return originally filed with the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318 or 321, or collected pursuant to ORS 305.620, or as corrected by the department, is less than the amount theretofore paid, or if a person files a claim for refund of any tax paid to the department under such laws within the period specified in subsection (2) of this section, *any excess tax paid shall be refunded by the department* with interest as provided in this section and ORS 314.415."

(Emphasis added.) ORS 314.415(1) states that "[i]f the Department of Revenue determines pursuant to ORS 305.270 that the amount of the tax due is less than the amount theretofore paid, *the excess shall be refunded by the department*." (Emphasis added.) Both ORS 305.270(1) and ORS 314.415(1) use the verb "shall." " 'Shall' is a command: it is used in laws, regulations, or directives to express what is mandatory." *Preble v. Dept. of Rev.*, 331 Or 320, 324 (2000) (internal quotation marks omitted) (holding statutory "shall" meant department had no discretion to omit certificate in notice).

In this case, there is no dispute that Plaintiff James Robertson paid excess tax. James Robertson is therefore entitled to a refund unless Defendant is authorized to intercept that refund before it is remitted.

Defendant's authority to offset tax refunds to pay debts owed to state agencies or counties is inapplicable here because the debt at issue is to a federal agency. *Cf.* ORS 293.250(3).

The statute addressing offsets of state tax refunds to pay federal debts is ORS 305.612, subsection (1) of which states:

> "The Director of the Department of Revenue may enter into an intergovernmental reciprocal agreement with the United States Financial Management Service and the Internal Revenue Service for the purpose of engaging in the offset of federal tax refunds or other federal payments in payment of liquidated state debt or of amounts payable by a transferee under ORS 311.695

and the offset of state tax refunds or other state payments in payment of liquidated federal debt."

ORS 305.612 does not directly grant Defendant authority to offset refunds to pay federal debts. Instead, it grants Defendant authority to enter into a certain kind of "intergovernmental reciprocal agreement." The agreement authorized by ORS 305.612 is one that would allow for the federal government to offset federal tax refunds to pay state debts in addition to allowing Defendant to offset state tax refunds to pay federal debts. ORS 305.612 does not authorize Defendant to make offsets to pay federal debts without a reciprocal agreement.

It is Defendant's burden to put forward evidence of the terms of any such agreement in order to overcome Plaintiffs' *prima facie* claim to a refund under ORS 305.270(1) and 314.415(1). *See* ORS 305.427. Because Defendant failed to appear, there is no evidence in this case of the terms of an intergovernmental reciprocal agreement to offset refunds for federal debts.[3] Absent such a showing from Defendant, the provisions of ORS 305.270(1) and 314.415(1) govern. Defendant must refund to Plaintiff James Robertson the excess tax withheld from his income in 2015.

## III. CONCLUSION

Absent any evidence that Defendant entered an intergovernmental reciprocal agreement to offset state tax refunds for federal debts pursuant to ORS 305.612, Defendant is bound by ORS 305.270(1) and 314.415(1) to refund Plaintiff James Robertson his excess tax paid.

*DECISION ON COSTS AND DISBURSEMENTS*

Plaintiffs timely filed their statement of costs and disbursements on February 13, 2017. Plaintiffs' statement identified $277 in costs as follows: $252 for the court's filing fee, and $25

---

[3] Whether such evidence exists in other cases is irrelevant; an Oregon court "cannot take judicial notice of the records in a different case than the case before it." *Hood v. Hatfield*, 235 Or 28, 44, 383 P2d 1021, 1024 (1963).

for "Copy costs (complaint, motion for default, case exhibits, tax return copies, copies of research . . .[*sic*])." Plaintiffs did not attach receipts or other proof of claimed costs to their statement.

Tax Court Rule–Magistrate Division (TCR–MD) 16 B authorizes a discretionary award of costs and disbursements to the prevailing party. Allowable costs under TCR–MD 16 A include, *inter alia*, the filing fee and "the necessary expense of copying of any public record, book, or document used as evidence in the trial." TCR–MD 16 C(1)(b) provides that, except for the filing fee, "proof of claimed costs and disbursements must be attached to the statement [of costs and disbursements]."

Here, Plaintiffs prevailed in their appeal but did not attach proof of their claimed costs to their statement of costs and disbursements. Upon consideration, the court awards them costs in the amount of their $252 filing fee only. *See* TCR–MD 16 C(1)(b). Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is granted.

IT IS FURTHER DECIDED that Defendant shall pay Plaintiffs their costs and disbursements in the amount of $252.

Dated this ____ day of February, 2017.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was filed and entered on February 24, 2017.*