IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

RICHARD J. GOODING,               )
                                            )
          Plaintiff,                )    TC-MD 160248C
                                            )
      v.                            )
                                            )
DEPARTMENT OF REVENUE,     )
State of Oregon,                )
                                            )
         Defendant.         )    **FINAL DECISION**[1]

Plaintiff appealed Defendant's Notice of Refund Offset, dated February 17, 2016, for the 2015 tax year. Defendant failed to appear and answer the Complaint, and likewise failed to respond to Plaintiff's motion for default. The court issued an Order of Default on September 19, 2016, which is incorporated herein by reference. Defendant did not file a motion or otherwise communicate with the court regarding this case following the Order of Default. An uncontested evidentiary hearing was held by telephone on November 7, 2016. At that hearing, Plaintiff was represented by his wife, Belinda Gooding. Both Belinda Gooding and Plaintiff testified. Plaintiff's exhibits 1 to 11 were admitted into evidence.

## I. STATEMENT OF FACTS

The following facts appear from the pleadings, testimony, and exhibits admitted into evidence. Because Defendant failed to answer Plaintiff's Complaint, the allegations contained therein are accepted as true.

/ / /

---

[1] This Final Decision incorporates without change the court's Decision, entered February 1, 2017. Plaintiffs requested costs and disbursements, in the amount of the $252 filing fee, in their Complaint. *See* Tax Court Rule–Magistrate Division (TCR-MD) 16 C(1). The court did not receive an objection to that request within 14 days after its Decision was entered. *See* TCR-MD 16 C(2).

Plaintiff and Belinda Gooding ("the Goodings") filed a joint 2015 Oregon income tax return, claiming a refund of $2,348 in excess tax paid. That excess tax was withheld entirely from Plaintiff's income; Belinda Gooding did not earn any income in 2015.

Defendant issued the Goodings a Notice of Refund Offset on February 17, 2016. That notice stated that the Goodings' entire refund had been offset to pay a debt to the U.S. Department of Education. The entirety of that obligation was Belinda Gooding's student loan debt, incurred before her marriage to Plaintiff.

Plaintiff requests that the excess tax he paid be refunded to him rather than used to pay his wife's debt to the federal government. He also requests an award of his filing fee for this appeal.

## II. ANALYSIS

The issue in this case is whether Plaintiff is entitled to a refund of the excess tax he paid in 2015.

In this court, the burden of proof falls on the party seeking affirmative relief—here, on Plaintiff. *See* ORS 305.427. [2] If Plaintiff establishes a *prima facie* case, the burden of going forward with the evidence then shifts to Defendant. *See id.*

ORS 305.270 and 314.415 impart a duty on Defendant to refund any excess tax paid. ORS 305.270(1) states:

> "If the amount of the tax shown as due on a report or return originally filed with the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318 or 321, or collected pursuant to ORS 305.620, or as corrected by the department, is less than the amount theretofore paid, or if a person files a claim for refund of any tax paid to the department under such laws within the period specified in subsection (2) of this section, *any excess tax paid shall be refunded by the department* with interest as provided in this section and ORS 314.415."

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

(Emphasis added.) ORS 314.415(1) states that "[i]f the Department of Revenue determines pursuant to ORS 305.270 that the amount of the tax due is less than the amount theretofore paid, *the excess shall be refunded by the department*." (Emphasis added.) Both ORS 305.270(1) and ORS 314.415(1) use the verb "shall." " 'Shall' is a command: it is used in laws, regulations, or directives to express what is mandatory." *Preble v. Dept. of Rev.*, 331 Or 320, 324 (2000) (internal quotation marks omitted) (holding statutory "shall" meant department had no discretion to omit certificate in notice).

In this case, there is no dispute that Plaintiff paid excess tax. Plaintiff is therefore entitled to a refund unless Defendant is authorized to intercept that refund before it is remitted.

Defendant's statutory authority to offset tax refunds to pay debts owed to state agencies or counties is inapplicable here because the debt at issue is to a federal agency. *Cf.* ORS 293.250(3).

The statute addressing offsets of state tax refunds to pay federal debts is ORS 305.612, subsection (1) of which states:

> "The Director of the Department of Revenue may enter into an intergovernmental reciprocal agreement with the United States Financial Management Service and the Internal Revenue Service for the purpose of engaging in the offset of federal tax refunds or other federal payments in payment of liquidated state debt or of amounts payable by a transferee under ORS 311.695 and the offset of state tax refunds or other state payments in payment of liquidated federal debt."

ORS 305.612 does not directly grant Defendant authority to offset refunds to pay federal debts. Instead, it grants Defendant authority to enter into a certain kind of "intergovernmental reciprocal agreement." The agreement authorized by ORS 305.612 is one that would allow for the federal government to offset federal tax refunds to pay state debts in addition to allowing Defendant to offset state tax refunds to pay federal debts.

ORS 305.612 does not authorize Defendant to make offsets to pay federal debts without a reciprocal agreement. It is Defendant's burden to put forward evidence of the terms of any such agreement in order to overcome Plaintiff's *prima facie* claim to a refund under ORS 305.270(1) and ORS 314.415(1). *See* ORS 305.427.

Because Defendant failed to appear, there is no evidence in this case of the terms of an intergovernmental reciprocal agreement to offset refunds for federal debts.[3] Absent such a showing from Defendant, the provisions of ORS 305.270(1) and ORS 314.415(1) govern. Defendant must refund to Plaintiff the excess tax withheld from his income in 2015.

### III. CONCLUSION

Absent any evidence that Defendant entered an intergovernmental reciprocal agreement to offset state tax refunds for federal debts pursuant to ORS 305.612, Defendant is bound by ORS 305.270(1) and 314.415(1) to refund Plaintiff his excess tax paid. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted.

IT IS FURTHER DECIDED that Plaintiffs' request for costs and disbursements in the amount of $252 is granted.

Dated this ＿＿ day of February, 2017.

_____
POUL F. LUNDGREN
MAGISTRATE

***If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.***
***This document was filed and entered on February 24, 2017.***

---

[3] Whether such evidence exists in other cases is irrelevant; an Oregon court "cannot take judicial notice of the records in a different case than the case before it." *Hood v. Hatfield*, 235 Or 28, 44, 383 P2d 1021, 1024 (1963).